**THIRD NATIONAL BANK IN NASH-VILLE, Plaintiff/Appellee,**

v.

**CELEBRATE YOURSELF PRODUCTIONS, INC., Robert M. Phillips, and Stephanie Taylor–Rountree, Defendants/Appellants.**

Court of Appeals of Tennessee, Middle Section, at Nashville.

Nov. 28, 1990.

Permission to Appeal Denied by Supreme Court April 8, 1991.

Stephanie Taylor–Rountree, pro se.

Robert M. Phillips, pro se.

Gary R. Thompson, Nashville, for plaintiff/appellee.

## OPINION

CANTRELL, Judge.

This is an appeal from a summary judgment rendered in favor of Third National Bank on its claim against the defendants for default on a promissory note, and on the counter-claim of the defendants for breach of deposit contracts. We hold that the trial court was correct in finding that the individual defendants, who are not attorneys, could not represent the corporate defendant, and that summary judgment was appropriately granted to the plaintiff on the defendant's counter-claim. We further hold that summary judgment was proper on the plaintiff's claim of default on the note, but that there exists a genuine issue of material fact regarding that part of the complaint alleging the existence of an overdraft of the corporate checking account. As to the issue of the overdraft only, we reverse.

The three individual defendants in this case, Phillips, Taylor–Rountree and Cory, formed a small Sub–Chapter S corporation known as Celebrate Yourself Productions, Inc. (CYPI), whose primary business was production of audio and video materials. On November 19, 1987, Third National Bank made a loan of $10,000.00 to the corporation for the purpose of funding a video project that CYPI was producing. It was anticipated that the royalties received from the distribution of the video would be used to repay the loan. The corporation executed a promissory note for the loan, and the three individual defendants signed personal contracts of guaranty on the note.

The loan proceeds were deposited into two corporate accounts that had been established with Third National Bank. At the time the accounts were opened, the bank was provided with corporate resolutions which required the signatures of at least two of the three individual defendants on all withdrawals. In December 1987, Third National Bank paid two checks drawn on the corporate account that were presented for payment without the signatures of at least two officers. One check, made payable to the defendant Cory, was for $100.00 and was signed only by Cory. The other check, made payable to Nashville Freeze, was for $280.00. Cory signed this check and forged Phillips' name on it.

On January 29, 1988, Phillips and Taylor–Rountree presented the bank with signed affidavits of forgery against Cory but then, on February 3, 1988, delivered to the bank a written request to withhold processing of those affidavits. Finally, on March 17, 1988, the bank received written notice from the two defendants that it would no longer be bound by their prior request to withhold prosecution of Cory for forgery.

The corporation was not able to pay the note when it matured on February 17, 1988, and the bank granted a ninety day extension. On October 12, 1988, the defendants submitted a written request to the bank's recovery agent for an additional ex-

tension of the loan. That request, which was subsequently denied, stated that the defendants were not trying to avoid payment of the loan and intended to make complete restitution of their obligation to the bank.

Third National Bank filed suit on November 9, 1988 against CYPI, as well as Taylor–Rountree, Phillips and Cory individually. The complaint alleges that the note is in default, that there exists an overdraft of $399.73 in the corporate checking account, and seeks judgment against the defendants, jointly and severally, for the principal amount of $10,000, the overdraft, and interest. Taylor–Rountree and Phillips, without the aid of a licensed attorney, prepared and filed an answer and a counterclaim. The counterclaim was on behalf of CYPI, Phillips and Taylor–Rountree individually, and alleges that the bank breached the deposit contracts by authorizing payment on the two checks written by Cory and that as a result of such breach, the defendants were unable to complete the video project. The defendants also denied the existence of the overdraft and the allegation that the note was in default.

Third National Bank subsequently filed a motion for summary judgment on its claim and on the defendants' counterclaim. In support of its motion, the bank filed the affidavit of its recovery agent, which states that the loan is still in default and that the overdraft remains unpaid. Phillips filed his own affidavit in opposition to summary judgment, in which he avers that as secretary/treasurer of the corporation he can attest to the fact that no overdraft exists on CYPI's corporate accounts. Phillips' affidavit also states that CYPI has experienced $100,000.00 in damages and losses as a result of the bank's mismanagement of the corporate accounts.

The parties appeared before the Davidson County Chancery Court on January 12, 1990 to argue the plaintiff's motion for summary judgment, at which time the court ruled that Phillips and Taylor–Rountree could not provide legal representation for CYPI. The Chancellor permitted these two defendants to represent themselves in their individual capacities and heard their arguments in opposition to the plaintiff's motion as to their liability under the guaranty contracts and on their individual counterclaims. The court reserved its ruling on the plaintiff's motion for twenty days so that the corporate defendant could engage legal counsel.

On February 1, 1990, the defendants filed a "Motion for Relief from Order", in which they asked the court to either appoint counsel, or to permit them to represent the corporation. The motion asserts that due to the actions of Third National Bank, the corporate defendant lacks the financial resources to employ an attorney. The defendants also filed a motion for a jury trial.

These matters were heard on February 16, 1990, at which time the court ruled that CYPI was in default since it did not obtain counsel, and that the bank's motion for summary judgment on its claim and the counterclaim should be granted. The court awarded judgment for the plaintiff on the $10,000.00 note and $399.73 overdraft, plus interest.

The defendants have raised two issues on appeal. First, they contend that due process has been denied by adopting the legal fiction that all corporations can afford legal counsel, thus preventing them from representing their indigent corporation. This argument, however, has no merit and we affirm the chancellor's ruling in that regard.

■ The purpose of our statutes regulating the practice of law is to prevent the public's being preyed upon by those who, for valuable consideration, seek to perform services which require skill, training and character, without adequate qualifications. *Haverty Furniture Co. v. Foust,* 174 Tenn. 203, 124 S.W.2d 694 (1939). When a corporation is a party to a lawsuit, these statutes imply a representation that is distinct from an officer or other corporate employee. *Id.* at 214, 124 S.W.2d 694. It is well established that a corporation cannot practice law, nor can it employ a licensed practitioner to practice for it. *State ex rel. Loser v. National Optical Stores, Co.,* 189 Tenn.

433, 225 S.W.2d 263 (1950); *State v. Retail Credit Men's Ass'n.*, 163 Tenn. 450, 43 S.W.2d 918 (1931).

To allow Taylor–Rountree and Phillips to act as legal representatives of CYPI in this lawsuit would be a direct violation of the rules of our Supreme Court which provide:

> No person shall engage in the "practice of law" or the "law business" in Tennessee, except pursuant to the authority of this court, as evidenced by a license issued in accordance with this Rule, or in accordance with the provisions of this Rule governing special or limited practice.

Tenn.Sup.Ct.R. 7, sec. 1.01.

■ We conclude that Phillips and Taylor–Rountree should be allowed to present arguments on behalf of the corporation only as they relate to the claims against them individually. As guarantors of the note, they may present any evidence available that would show CYPI is not liable to the plaintiff because such a finding would relieve them of personal liability. But the uncontradicted evidence in the record shows that the corporation is liable on the note and that the note is due and unpaid. Whether the corporation has a counterclaim for damages against the bank is another matter, one which these individual defendants cannot assert because that would be representing the corporation on a legal matter and not themselves. The chancellor was correct in refusing to allow the defendants to represent the corporation.

■ As to the second issue, the defendants contend that the chancellor rendered summary judgment without having reviewed all motions and evidence presented, thus denying them due process. But, even if that allegation were true, the defendants do not point to any evidence in the record that would require a different result. And this demonstrates one of the reasons for our prior holding that the individual defendants should not be permitted to represent the corporation. An untrained individual should not try to represent a third party whose success or failure may depend on the proper observance of the many rules—such as those governing the content of the record—that apply to trial and appellate practice.

Since we have determined that these individual defendants cannot represent the corporation, the chancellor properly entered a default judgment against CYPI on the face amount of the promissory note, plus interest. *See Masonic Educational Ass'n v. Cook*, 40 Tenn. (3 Head) 313 (1859). Moreover, summary judgment was appropriate against the individual defendants as guarantors of the note. Phillips' affidavit filed in opposition to the plaintiff's motion does not deny that the loan was due on May 17, 1988 and has not been paid. Disputes as to material facts must be shown by affidavits or other sworn evidence of facts, and not merely by unsworn generalized assertions in the pleadings. *Wachovia Bank & Trust Co. v. Glass*, 575 S.W.2d 950 (Tenn.Ct.App. 1978).

We also find that the chancellor was correct in granting the plaintiff's motion for summary judgment on the counterclaim for breach of deposit contracts. An affidavit submitted by the bank's vice-president states that the defendants received credit for a portion of the face amount of the two checks, which was applied to the interest owing on the note. The defendants have offered no sworn testimony to show how they were injured by the bank's alleged mismanagement of the corporate account. Phillips' affidavit merely contains an assertion that CYPI's losses could well exceed $100,000.00 as a result of Third National's mismanagement of $380.00 in funds.

■ The counterclaim itself alleges a cause of action for injuries to the corporation, not the individual defendants. Claims such as this belong to the corporation and cannot be asserted by its stockholders and officers. *Commercial Credit Development Co. v. Scottish Inns, Inc.*, 69 F.R.D. 110 (E.D.Tenn.1975). An action to redress injuries to a corporation, whether arising out of contract or tort, cannot be maintained by a stockholder in his own name but must be brought in the name of the corporation, the stockholder's rights being

merely derivative and can be asserted only through the corporation. *Id.* at 117, *citing Schaffer v. Universal Rundle Corp,* 397 F.2d 893, 896 (5th Cir.1968). Thus, Phillips and Taylor–Rountree were not proper parties to the counterclaim and, as stated earlier, they cannot represent CYPI on a claim it may have. For these reasons, the summary judgment in favor of the plaintiff on the counterclaim is affirmed.

■ Finally, we have determined that there does exist a genuine issue of material fact as to the existence of an overdraft. The affidavit of the bank's recovery agent states that the defendants are indebted to Third National Bank under a checking account overdraft of $399.73, plus interest. Phillips' affidavit denies this and asserts that no genuine overdraft exists on the corporate accounts. Any dispute over material facts renders summary judgment improper. *Executone, Inc. v. Garner,* 650 S.W.2d 734 (Tenn.1983). Although Phillips and Taylor–Rountree may not represent CYPI on this issue, they may attempt to prove that the corporation is not indebted to the bank for an overdraft because such proof would be a defense to their own liability.

The judgment of the Davidson County Chancery Court is affirmed in all respects except as to the issue of the overdraft. That part of the judgment based on the overdraft is reversed and the cause is remanded for further proceedings consistent with this opinion. Costs on appeal are taxed to the appellants.

TODD, P.J., and KOCH, J., concur.