**OLD HICKORY ENGINEERING &
MACHINE COMPANY, INC.,
Plaintiff–Appellee,**

v.

**Phillip HENRY and Jeff Shepard,
Defendants–Appellants.**

Supreme Court of Tennessee,
at Nashville.

Aug. 26, 1996.

John M. Cannon, Cannon, Cannon & Cooper, P.C., Goodlettsville, for Plaintiff–Appellee.

Joseph Y. Longmire, Jr., Jones, Longmire & Sindle, Hendersonville, for Defendants–Appellants.

### OPINION

REID, Justice.

This case presents for review the decision of the Court of Appeals reversing the trial court's dismissal of the complaint. The Court of Appeals held that the complaint, which was signed only by the non-lawyer president of the corporate plaintiff, was "not void" and that the subsequent appearance of a lawyer on behalf of the plaintiff "corrected the defect" in the pleading. That court ordered that the suit be allowed to proceed to trial even though the complaint was filed on the last day permitted by the savings statute, Tenn.Code Ann. § 28–1–105 (Supp.1995). The decision by the Court of Appeals is reversed.

### THE CASE

A complaint asserting a cause of action based on negligence was filed by the plaintiff, Old Hickory Engineering and Machine Company, Inc., on November 2, 1990. The complaint was prepared and signed by an attorney representing the plaintiff. On March 15, 1993, the plaintiff took a non-suit. On the anniversary of the non-suit, a complaint almost identical to the original complaint was signed and filed by the non-lawyer president of the plaintiff corporation. The defendants filed a motion to dismiss. More than two months after the complaint was filed, an attorney filed a notice of appearance on behalf of the plaintiff.

The trial court found the filing of the complaint to be "void" and ordered the complaint "dismissed with prejudice." The Court of Appeals treated the absence of counsel as a "deficiency" which was "cured" by the subsequent notice of appearance by an attorney on behalf of the plaintiff.

### ANALYSIS

The cause of action is time-barred unless the suit was commenced on the date the complaint signed by the president of the plaintiff corporation was filed.[1] The Tennessee savings statute, Tenn.Code Ann. § 28–1–105, provides in pertinent part:

**New action after adverse decision ....—** (a) If the action is commenced within the time limited by a rule or statute of limitation, but the judgment or decree is rendered against the plaintiff upon any ground not concluding the plaintiff's right of action, or where the judgment or decree is rendered in favor of the plaintiff, and is arrested, or reversed on appeal, the plaintiff, or the plaintiff's representatives and privies, as the case may be, may, from time to time, commence a new action within one (1) year after the reversal or arrest....

In *Balsinger v. Gass,* 214 Tenn. 343, 353, 379 S.W.2d 800, 805 (1964), this Court held that "all actions which may be brought by virtue of [the above] statute must be brought within one year after the inconclusive dismissal of an action brought within the period of the applicable statute of limitations."

The determinative issue is whether "a new action" was commenced. An action is commenced by filing a complaint. Rule 3, Tennessee Rules of Civil Procedure, provides:

---

1. The statute of limitations was not specifically pled by the defendants, but it was relied upon by the defendants in their brief and argument, there was no objection by the plaintiff, and it was the basis for dismissal of the complaint by the trial court.

All civil actions are commenced by filing a complaint and summons with the clerk of the Court. An action is commenced within the meaning of any statute of limitations upon such filing of a complaint and summons, whether process be issued or not issued and whether process be returned served or unserved....

*See also* 18 Tenn. Juris. *Limitation of Actions* § 44 (1984). Consequently, a new action was commenced if a complaint was filed.

■ The formality of filing pleadings is controlled by Rule 11, Tennessee Rules of Civil Procedure. Prior to its amendment in 1995, that rule provided as follows:

Every pleading, motion, and other paper of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated. A party who is not represented by an attorney shall sign his pleading, motion, or other paper and state his address. Except when otherwise specifically provided by rule or statute, pleadings need not be verified or accompanied by affidavit. The rule in equity that the averments of an answer under oath must be overcome by the testimony of two witnesses or of one witness sustained by corroborating circumstances is abolished. The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry, it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation....

This rule makes the signing of a pleading by an attorney of record or the party an essential condition to the validity of a pleading.

■ The plaintiff's insistence, that the signing of the complaint by its president constitutes compliance with Rule 11's provision that a pleading may be signed by the party, is not consistent with policy or precedent. A corporation is an artificial entity, which "cannot act or speak except through natural persons duly authorized." *Great Am. Indem. Co. v. Utility Contractors, Inc.,* 21 Tenn.App. 463, 471, 111 S.W.2d 901, 907 (Tenn.App.1937). Since a corporation is an entity separate and distinct from its officers and shareholders, the provision of Tenn.Code Ann. § 23–1–109 (1994), that "[a]ny person may conduct and manage the person's own case in any court of this state," is not applicable to corporations, even when the person undertaking to act for the corporation is an officer or a shareholder. 9A William M. Fletcher, *Fletcher Cyclopedia of the Law of Private Corporations* § 4463 (*perm. ed.* rev. 1992). *See generally* Annotation, *Propriety and Effect of Corporation's Appearance Pro Se Through Agent Who is Not Attorney,* 8 A.L.R.5th 653 (1992). The conclusion is that the corporate plaintiff in this case was not acting *pro se* in filing the complaint.

■ Allowing the president of the corporation to make the affirmations required by Rule 11 would constitute the unauthorized practice of law. The rule and the policy consideration are well stated in *Third National Bank in Nashville v. Celebrate Yourself Productions, Inc.,* 807 S.W.2d 704 (Tenn. Ct.App.1990). In that case, the court declined to allow two shareholders of a closely held corporation, who were not attorneys, to represent the corporation in a bank's action for default of a promissory note. The bank had filed suit against the corporation, as well as its three shareholders who were guarantors of the corporation's note. The shareholders contended that by preventing them from representing the indigent corporation, it was denied due process. Finding no merit to this argument, the Court of Appeals held:

The purpose of our statutes regulating the practice of law is to prevent the public's being preyed upon by those who, for valuable consideration, seek to perform services which require skill, training and character, without adequate qualifications. *Haverty Furniture Co. v. Foust,* 174 Tenn. 203, 124 S.W.2d 694 (1939). When a corporation is a party to a lawsuit, these statutes imply a representation that is distinct from an officer or other corporate employee. *Id.* at 214, 124 S.W.2d 694. It

is well established that a corporation cannot practice law, nor can it employ a licensed practitioner to practice for it. *State ex rel. Loser v. National Optical Stores Co.*, 189 Tenn. 433, 225 S.W.2d 263 [1949]; *State v. Retail Credit Men's Ass'n*, 163 Tenn. 450, 43 S.W.2d 918 (1931).

To allow [the shareholders] to act as legal representatives of [the corporation] in this lawsuit would be a direct violation of the rules of our Supreme Court which provide:

> No person shall engage in the "practice of law" or the "law business" in Tennessee, except pursuant to the authority of this court, as evidenced by a license issued in accordance with this Rule, or in accordance with the provisions of this Rule governing special or limited practice.

Tenn. Sup.Ct. R. 7, § 1.01.

*Id.* at 706–707.

■ The preparation and filing of a complaint requires "the professional judgment of a lawyer," and is, therefore, the practice of law. *See Petition of Burson*, 909 S.W.2d 768, 776 (Tenn.1995). In reaffirming its adherence to the common law rule prohibiting a non-attorney agent from appearing in court on behalf of a corporation, the Supreme Court of Minnesota explained the rule's underlying rationale:

> A non-attorney agent of a corporation is not subject to the ethical standards of the bar and is not subject to court supervision or discipline. The agent knows but one master, the corporation, and owes no duty to the courts. In addition, a corporation is an artificial entity which can only act through agents. To permit a lay individual to appear on behalf of a corporation would be to permit that individual to practice law without a license.

*Nicollet Restoration, Inc. v. Turnham*, 486 N.W.2d 753, 754 (Minn.1992).

■ The conclusion is that a corporation cannot act *pro se* in a court proceeding nor can it be represented by an officer or other non-lawyer agent.

■ The next issue is the effectiveness of the deficient complaint filed by the plaintiff's president. The answer to that question is found in the amendment to Rule 11, which became effective on July 1, 1995. Although that amendment is not applicable to this case, it is declarative of the policy and practice regulating court proceedings in that particular. The amendment provides:

> An unsigned paper shall be stricken unless omission of the signature is corrected promptly after being called to the attention of the attorney or party.

Based on the principle declared by this amendment, the status of the complaint on the date it was filed was as though it contained no signature, and, because of that deficiency, it was subject to being stricken from the record. The construction most favorable to the plaintiff in this case is that the plaintiff was notified of the fatal deficiency in the complaint by the defendant's motion to dismiss on April 13, 1994, and the plaintiff took no action until its attorney filed a notice of appearance on May 20, 1994. That is not "prompt" action. In addition, filing notice of appearance did not correct the deficiency. Merely advising the court of representation did not constitute the certification required by the rule. The action by the plaintiff's lawyer did not cure the deficiency in time or substance.

### CONCLUSION

The complaint was not filed by the corporate plaintiff *pro se;* the corporation's president did not have the legal authority to make the Rule 11 certification; and the defect in the filing was not cured.

The decision of the Court of Appeals is reversed, and the case is dismissed.

Costs are taxed against Old Hickory Engineering & Machine Co.

BIRCH, C.J., and DROWOTA, ANDERSON and WHITE, JJ., concur.