DOYLE SHIRT MANUFACTURING ) 
CORP., )
 )
   Plaintiff/Appellant, )   Appeal No.
 )   01-A-01-9711-CH-00670
v. )
 )   Putnam Chancery
T. MICHAEL O'MARA, et al, )   No. 96-409
 )
   Defendants/Appellees. )
 )

FILED

April 7, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

COURT OF APPEALS OF TENNESSEE

APPEAL FROM THE CHANCERY COURT FOR PUTNAM COUNTY

AT COOKEVILLE, TENNESSEE

THE HONORABLE VERNON NEAL, CHANCELLOR

SAMUEL J. HARRIS
P. O. Box 873
Cookeville, Tennessee 38503
  ATTORNEY FOR PLAINTIFF/APPELLANT

TOM CORTS
P. O. Box 198985
Nashville, Tennessee 37219-8985
  ATTORNEY FOR DEFENDANTS/APPELLEES

AFFIRMED AND REMANDED

WALTER W. BUSSART, SPECIAL JUDGE

# OPINION

This appeal involves the requirement of Tennessee Rule of Civil Procedure 11.01 that pleadings be signed by an attorney or by a party if that party is not represented by an attorney. Finding that the plaintiff did not comply with Rule 11 within the statutory period of limitations, the Putnam County Chancery Court granted summary judgment to the defendant. We affirm the decision of the trial court.

## I.

The facts are not in dispute. On October 23, 1996, Doyle Shirt Manufacturing Corporation ("Doyle") filed a complaint against T. Michael O'Mara alleging attorney malpractice for Mr. O'Mara's alleged failure to file a timely adversary proceeding in a bankruptcy case on behalf of Doyle. The president of Doyle, Robert Roggen, who is not an attorney, signed this complaint. On November 5, 1996, Mr. O'Mara filed an answer to Doyle's complaint asserting the following affirmative defense: "Complaint is void in as much as the Complaint has not been signed by an attorney and a corporation cannot proceed pro se." The first evidence of Doyle's attorney's presence in these proceedings was on December 20, 1996 when this attorney filed a notice of appearance and a motion to amend the complaint.

Mr. O'Mara moved for summary judgment on the grounds that Doyle's complaint was "void because it was not signed by an attorney and the statute of limitations for bringing a complaint had now run." In Mr. O'Mara's supporting affidavit, he stated that Doyle had agreed with his recommendation not to file the adversary proceeding. Nevertheless, Mr. O'Mara claims that on October 23, 1995, he sent by facsimile a letter to Doyle with the information that he had not filed an adversary proceeding. The next day, on October 24, Mr. O'Mara received a letter from Joan Ranney of Doyle which acknowledged receipt of the October 23 letter and stated that Mr. O'Mara's "failure to [take the above action] has forever barred the corporation from the possibility of recovering the losses incurred by [the] embezzlement." Therefore, it is Mr. O'Mara's position that, as of October 24, 1995, Doyle knew that Mr. O'Mara had not filed the adversary

proceeding and thus Doyle's cause of action had accrued. Since Doyle failed to file a valid complaint signed by an attorney within one year from the accrual of its action on October 24, 1995, the complaint was properly dismissed.

Joan Ranney's affidavit was filed as an exhibit to Doyle's memorandum opposing summary judgment. Ms. Ranney claims that as the secretary for Robert Roggen, she was directed to obtain legal counsel to pursue Doyle's claim against Mr. O'Mara. She stated that both she and Mr. Roggen were unaware that the complaint had to be signed by an attorney. Ms. Ranney maintains that she made every effort to obtain counsel from her home or office in Las Vegas, Nevada before October 24, 1996. However, she was unsuccessful as attorneys were unwilling to take the case due to the nature of the case as well as their friendship with Mr. O'Mara. She stated that Doyle retained its present attorney on November 22, 1996.

The trial court granted summary judgment to Mr. O'Mara stating that his motion was well taken. On appeal, Doyle presents one issue for our review:

> Whether a complaint alleging attorney malpractice, which was signed only by the non-lawyer president of a corporate plaintiff, and where said plaintiff was unable to obtain legal counsel before the expiration of the statute of limitations, may be amended so as to relate back as a timely filed pleading?

The essence of Doyle's argument on appeal is that this court should reconsider or distinguish the Tennessee Supreme Court's holding in *Old Hickory Engineering and Machine Co. v. Henry*, 937 S.W.2d 782 (Tenn.1996).

II.

In *Old Hickory*, the court held "that a corporation cannot act pro se in a court proceeding nor can it be represented by an officer or other non-lawyer agent." *Id.* at 786. As in our case, the *Old Hickory* complaint had been signed and filed by the non-lawyer president of the plaintiff corporation. The court stated that "[t]he plaintiff's insistence, that the signing of the complaint by its president constitutes compliance with Rule 11's provision that a pleading may be signed by the party, is not consistent with policy or precedent. A corporation

is an artificial entity, which 'cannot act or speak except through natural persons duly authorized.'" *Id.* at 785 (quoting *Great Am. Indem. Co. v. Utility Contractors, Inc.*, 21 Tenn. App. 463, 471, 111 S.W.2d 901, 907 (1937)). To hold otherwise would permit the corporation's president to engage in the unauthorized practice of law. *See* Tenn. Sup. Ct. R. 7, § 1.01. In explaining the policy considerations behind its decision, the court cited cases noting the skill, training, character, supervision and discipline that is necessary for and should accompany the practice of law. *Old Hickory*, 937 S.W.2d at 785-86 (citing *Third Nat'l Bank v. Celebrate Yourself Prod'ns, Inc.*, 807 S.W.2d 704, 706-07 (Tenn.App.1990) and *Nicollet Restoration, Inc. v. Turnham*, 486 N.W.2d 753, 754 (Minn.1992)).

In the instant case, the evidence establishes and Doyle does not dispute that it knew about its cause of action on October 24, 1995 when it sent a fax to Mr. O'Mara stating that his conduct had "forever barred" Doyle from a certain legal remedy. The statute of limitations for attorney mal-practice is one year from the date of accrual. Tenn. Code Ann. § 28-3-104(a)(2) (Supp.1998). Therefore, the issue is whether Doyle's filing on October 25, 1996 or its Motion to Amend its Complaint on December 20, 1996 satisfied the requirements of Rule 11. In light of the clear holding of the supreme court in Old Hickory which was based upon very similar facts, we find that Doyle's complaint signed by its non-attorney corporate president was inadequate.

In addition, we decline Doyle's invitation to reconsider the Supreme Court's ruling. The Court of Appeals is an intermediate appellate court whose duty is to "apply the law as promulgated by the legislature or as announced by the Supreme Court. This Court is bound by the Supreme Court's decisions under the doctrine of stare decisis and in no way is it the function of this court to intentionally reverse the holding of the Supreme Court." *Hollingsworth v. Safeco Ins. Co.*, 782 S.W.2d 477, 479-80 (Tenn.App.1988).

We must next address the issue of whether Doyle's attempt to correct its filing brought its complaint within Rule 11 compliance. In *Old Hickory*, the court cited the following amendment to Rule 11 as "declarative of the policy and

practice regulating court proceedings in that particular": "An unsigned paper shall be stricken unless omission of the signature is corrected promptly after being called to the attention of the attorney or party." Tenn. R. Civ. P. 11.01. The principle of this amendment means that "the status of [a] complaint [signed by a non-attorney corporate president] on the date it was filed was as though it contained no signature, and, because of that deficiency, it was subject to being stricken from the record." *Old Hickory*, 937 S.W.2d at 786. The *Old Hickory* court stated that "[t]he construction most favorable to the plaintiff in this case is that the plaintiff was notified of the fatal deficiency in the complaint by the defendant's motion to dismiss on April 13, 1994, and the plaintiff took no action until its attorney filed a notice of appearance on May 20, 1994." *Id.* The court found that this was "not 'prompt' action." *Id.*

In the case at bar, viewing the evidence in a light most favorable to Doyle, it was notified of the complaint's deficiency on November 5, 1996, when Mr. O'Mara filed an answer to Doyle's complaint arguing as an affirmative defense that the complaint was void because it had not been signed by an attorney and a corporation cannot proceed pro se. While Ms. Ranney states that Doyle's attorney was retained by November 22, 1996, the first action taken by this attorney was on December 20, 1996, when he filed a notice of appearance and a motion to amend the complaint. The particular facts in *Old Hickory* are instructive. There, the court found that a 37-day delay was not "prompt action." In light of the court's conclusion, we can not say that the 45-day delay in the instant case was "prompt action."

Doyle insists that the facts of this case are distinguishable from those in *Old Hickory* due to the particular nature of an attorney malpractice action. In Doyle's words, the significance of the distinction arises from a situation "where the reality of the legal marketplace makes it exceedingly difficult to obtain legal counsel." Under the statute, Doyle had one year to find an attorney. We recognize that this task may have required some effort especially since the search was made from Doyle's office in Nevada. However, we are convinced that one year was a reasonable amount of time in which Doyle could have found and retained an attorney.

-5-

### III.

Finally we address Mr. O'Mara's contention that this is a frivolous appeal because the facts here are so similar to those in *Old Hickory*. Section 27-1-122 of the Tennessee Code allows this court to award damages for the prosecution of a frivolous appeal. "A frivolous appeal is one that is 'devoid of merit,' *Combustion Engineering, Inc. v. Kennedy*, 562 S.W.2d 202 (Tenn.1978), or one in which there is little prospect that it can ever succeed." *See Industrial Dev. Bd. of Tullahoma v. Hancock*, 901 S.W.2d 382, 385 (Tenn.App.1995) (citing *Black's Law Dictionary*, 601(5th Ed.1979)). While the facts are very similar, they are not identical. We find that this appeal is not frivolous.

### IV.

In conclusion, we affirm the trial court's grant of summary judgment to the defendant below, Mr. O'Mara. We find that the complaint filed by Doyle on October 23, 1996 was inadequate under Rule 11, Tenn. R. Civ. P., and under the case of *Old Hickory Engineering and Machine Co. v. Henry*, 937 S.W.2d 782 (Tenn.1996). Furthermore, we find that Doyle's motion to amend its complaint 45 days after being notified of the complaint's defect did not constitute prompt action in light of the court's holding in *Old Hickory*. While we do not find that Doyle's appeal was frivolous, it is our opinion that the costs of appeal should be taxed to Doyle.

_____
WALTER W. BUSSART, SPECIAL JUDGE

CONCUR:

_____
HENRY F. TODD, PRES. JUDGE, M.S.

_____
WILLIAM C. KOCH, JR., JUDGE