IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
February 18, 2000 Session

# VALERIE HUMPHREYS v. STUART BREAKSTONE, Individually and MORTON & BREAKSTONE, Jointly and Individually.

**An Appeal from the Circuit Court for Shelby County**
**No. 93506-2 T.D.      W. Michael Maloan, Chancellor**

---

**No. W1999-02502-COA-R3-CV - Filed January 30, 2001**

---

This is a legal malpractice action. The plaintiff is the majority shareholder of a corporation as well as a member of the corporation's board of directors. The defendant attorney and law firm represented the corporation. The plaintiff sued the defendant for professional malpractice, negligence, collusion, and interference in economic development, arising out of the defendant's representation of the corporation. The trial court held that the plaintiff did not have standing to bring a derivative suit in her own name since all of the alleged injuries were suffered by the corporation, not the plaintiff. We affirm, finding that a derivative suit to address injuries to a corporation must be filed in the name of the corporation, and that an individual shareholder may not sue *pro se* on behalf of the corporation.

**Tenn. R. App. P. 3; Judgment of the Circuit Court is affirmed.**

HOLLY KIRBY LILLARD, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., and ALAN E. HIGHERS, J. joined.

Valerie Humphreys, Tulsa Oklahoma, *Pro Se*.

Stuart Breakstone, Memphis, Tennessee, for the Appellees, Stuart Breakstone and Morton & Breakstone

## OPINION

The Plaintiff/Appellant Valerie Humphreys ("Humphreys") is majority stockholder and a member of the board of directors of Covenant Environmental Technologies, Inc. ("Covenant"). Covenant retained as corporate counsel the Defendant/Appellee Stuart Breakstone and his law firm, Defendant/Appellee Morton & Breakstone (collectively "Breakstone"). On March 13, 1998, Humphreys filed a lawsuit against Breakstone alleging professional malpractice, negligence, collusion, misrepresentation, and interference with economic development. These claims arose from Breakstone's representation of Covenant. Humphreys alleged that Breakstone repeatedly failed to

respond to motions in a timely manner, intentionally misplaced pertinent exhibits, and deliberately colluded with opposing parties, and that these actions led to several judgments against Covenant. Humphreys also asserted that Breakstone accepted a judgment against Covenant without the authorization of the Covenant board; failed to keep Humphreys informed of all actions relating to Covenant; damaged Covenant's credit profile by misrepresenting the number of suits pending against the corporation to its board of directors and auditors; failed to account for the retainer he received; misrepresented his expertise; failed to prepare a promissory note, resulting in a judgment lien against Covenant; and failed to take action to release a judgment lien against Covenant, even though there was evidence that the judgment had already been satisfied.

On April 24, 1998, Breakstone filed a motion to dismiss for failure to state a claim upon which relief could be granted pursuant to Rule 12.02(6) of the Tennessee Rules of Civil Procedure. The motion to dismiss, however, was erroneously filed under a different case name. This error was not discovered until approximately 6 months later, after Humphreys filed a motion for default judgment based on Breakstone's alleged failure to respond.

The trial court denied Humphreys' motion for default judgment, since Breakstone's motion to dismiss was filed prior to the motion for default judgment. The trial court held that, even though the motion to dismiss had been filed erroneously and late, it was within the trial court's discretion not to grant default judgment when an affirmative pleading is filed prior to the motion for default. The trial court then addressed Breakstone's motion to dismiss. It found that Humphreys' lawsuit sought redress only for injuries to Covenant. On this basis, the trial court granted Breakstone's motion to dismiss, concluding that Humphreys' complaint failed to comply with Tennessee Code Annotated § 48-17-401, which requires that a shareholder derivative suit be filed in the name of the corporation and that the complaint either allege that a demand was made on the corporation's board of directors and that the demand was refused or ignored, or allege the reason why the shareholder did not make the demand. From this order, Humphreys now appeals.

On appeal, Humphreys argues that the trial court erred in construing Tennessee Code Annotated § 48-17-401 to require that a derivative suit be filed in the name of the corporation and to require verification that a demand for action on the board of directors was made and denied, or that the shareholder assert in the complaint why the demand was not made. Humphreys contends that an individual shareholder of a corporation may bring a derivative suit in her own name for injuries to the corporation. She further contends that verification that Covenant's board of directors denied a demand for action is not required when such a demand would have been futile.

Breakstone argues that the trial court properly dismissed Humphreys' complaint. Breakstone asserts that Humphreys was not the proper party to the suit, because all of the injuries alleged were to Covenant. Breakstone maintains that Humphreys may not bring the suit *pro se* because the corporation, and not Humphreys, is the true party in interest.

A motion to dismiss for failure to state a claim tests the legal sufficiency of the plaintiff's claim. *Riggs v. Burson*, 941 S.W.2d 44, 47 (Tenn. 1997). The grant of a motion to dismiss may be

affirmed only if the allegations in the plaintiff's complaint, even if taken as true, fail to state a claim upon which the plaintiff would be entitled to relief. *Stein v. Davidson Hotel Co.*, 945 S.W.2d 714, 716 (Tenn. 1997). Therefore, in reviewing a trial court's grant of a motion to dismiss, all factual allegations are taken as true, and the trial court's conclusions of law are reviewed *de novo* on the record with no presumption of correctness. *Doe v. Sundquist*, 2 S.W.3d 919, 922 (Tenn. 1999).

On appeal Humphreys first asserts that she may bring a derivative suit, in her name, as a shareholder in Covenant. Tennessee Code Annotated § 48-17-401(1995) states in pertinent part:

> Procedure in derivative proceedings. – (a) A person may not commence a proceeding in the right of a domestic or foreign corporation unless the person was a shareholder of the corporation when the transaction complained of occurred or unless the person became a shareholder through transfer by operation of law from one who was a shareholder at that time.
>
> (b) A complaint in a proceeding brought in the right of a corporation must be verified and allege with particularity the demand made, if any, to obtain action by the board of directors and either that the demand was refused or ignored or why the person did not make the demand. . . .

Thus, a derivative suit may be brought by an individual shareholder on behalf of a corporation to redress injuries to the corporation. *Id.*

Although an individual shareholder may bring a derivative suit to redress injuries to a corporation, the claims asserted in the suit belong to the corporation, not the individual shareholder, whose rights are merely derivative and may be asserted only through the corporation. *See Third Nat'l Bank v. Celebrate Yourself Productions, Inc.*, 807 S.W.2d 704, 707-08 ( Tenn. Ct. App. 1990) ( citing *Commercial Credit Development Co. v. Scottish Inns, Inc.*, 69 F.R.D. 110, 117 (E.D. Tenn. 1975)). Consequently, a derivative suit cannot be maintained by a shareholder in her own name but must be brought in the name of the corporation. *Id.* In this case, the harm alleged in the complaint consists of acts of negligence committed against Covenant by Breakstone as corporate counsel. Any injury suffered by Humphreys, as a shareholder in Covenant, is derivative and may be asserted only through the corporation.

In addition to filing the lawsuit in her own name, Humphreys signed the complaint and seeks to act *pro se* in this lawsuit. A pleading in a lawsuit must be signed by an attorney of record or by the party to the lawsuit. *Old Hickory Eng. & Mach. Co. v. Henry*, 937 S.W.2d 782, 785 (Tenn. 1996). A corporation is an artificial entity, separate from the corporation's officers and shareholders. *Id.* Consequently, Tennessee statutes which permit a party to a lawsuit to represent himself in the lawsuit are not applicable to corporations; a corporation cannot file a lawsuit *pro se*. *Id.* Since the preparation and filing of a lawsuit requires the judgment of a lawyer and constitutes the practice of law, allowing a shareholder to sign a complaint filed on the corporation's behalf would amount to permitting the shareholder to represent the corporation on a legal matter. *Id.* To do so would be a

direct violation of the rules of our Supreme Court, which prohibit any person from engaging in the practice of law without a license. *Id.* at 786. Thus, a non-lawyer agent, such as a shareholder, may not represent a corporation in court proceedings. *Id.*

Because Humphreys may not act as legal representative for Covenant, the original complaint was not signed by a party or by an attorney of record. Therefore, under Rule 11 of the Tennessee Rules of Civil Procedure, the complaint was, in essence, unsigned. *See Old Hickory Eng.*, 937 S.W.2d at 786. Under Rule 11, "any unsigned paper shall be stricken unless omission of the signature is corrected promptly after being called to the attention of the attorney or party." *Id.* (quoting Tenn. R. Civ. P. 11 (1995)). Humphreys was notified of the deficiency of her complaint by Breakstone's motion to dismiss. No steps have ever been taken to remedy the defect. Therefore, the complaint must be stricken, and the trial court did not err in granting Breakstone's motion to dismiss.

The decision of the trial court is affirmed. Costs are assessed against the Appellant, Valerie Humphreys, and her surety, for which execution may issue if necessary.

_____
HOLLY K. LILLARD, JUDGE