IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
July 13, 2001 Session

# INVESTORS GROUP I, LTD., A TENNESSEE LIMITED PARTNERSHIP, ROGER CAMERON, GENERAL PARTNER v. KNOXVILLE'S COMMUNITY DEVELOPMENT CORPORATION

**Appeal from the Chancery Court for Knox County**
**No. 132646-3     Sharon Bell, Chancellor**

FILED JULY 25, 2001

**No. E1999-00395-COA-R3-CV**

The complaint seeking damages for breach of contract was signed and filed by a general partner of Investors Group I, Ltd., a limited partnership. The Chancellor dismissed the case, holding the complaint was void because a limited partnership is a legal entity, and can neither appear *pro se* nor by a general partner who is not a licensed attorney. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

WILLIAM H. INMAN, SR. J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J.. and CHARLES D. SUSANO, J., joined.

Steve Merritt, Maryville, Tennessee, for the appellant, Investors Group I, Ltd., a Tennessee Limited Partnership, Roger Cameron, General Partner.

Carlyle Urello, Knoxville, Tennessee, for the appellee, Knoxville's Community Development Corporation.

**OPINION**

**I.**

This is an action for damages for breach of contract. The plaintiff alleged that it acquired certain housing units in March 1984 from Knox Rental Properties which had previously entered into agreements with the defendant to provide assistance to tenants. The plaintiff alleged that the defendant certified the quality of the housing.

Thereafter, the plaintiff alleged that the defendant refused to allow the plaintiff to rent the properties until certain extraordinary improvements had been made, in contravention of the

defendant's representations that the properties were in compliance with appropriate governmental standards.[1]

All claims asserted were dismissed initially except those relating to alleged breaches of contract within a six-year period. It was for this reason that the first appeal was premature and resulted in an Order of Remand.

## II.

By order entered May 3, 1995 certain discovery responses were required to be made by the plaintiff, who failed to do so. On October 2, 1995, the Chancellor found the plaintiff in violation of the May 3, 1995 order and imposed monetary sanctions for an amount to be later determined, and ordered the plaintiff, within 90 days, to allege with specificity the dates and nature of the breaches of contract occurring within the six (6) year period.

## III.

By order entered July 14, 1997, the Chancellor held that "to the extent the complaint alleges any claims on behalf of the partnership, it is void under the ruling in *Old Hickory Engineering and Mach. Co. Inc. v. Henry*, 937 S.W.2d 782 (Tenn. 1996)." The Chancellor further held that "to the extent the complaint alleges personal causes of action on behalf of Roger Cameron [General Partner], individually, the complaint is not void" and that "if Mr. Cameron asserts a claim for any personal causes of action he must pay the sanctions to the defendant" as previously ordered.

The Chancellor further ordered that the "plaintiff's attorney shall promptly file an amendment to the complaint alleging with specificity any personal claims Roger Cameron asserts in his individual capacity," but must first pay the aforementioned sanctions.

## IV.

Following remand, the Chancellor found that the plaintiff failed to promptly file an amendment to the complaint, as ordered, and failed to pay the monetary sanctions, as ordered, and dismissed the complaint in its entirety, and as to all claims.

## V.

The plaintiff appeals and presents for review these issues which we reproduce verbatim:

---

[1] The initial action was filed in 1991 and non-suited in 1995. In 1996 the suit was re-filed and dismissed in August 1997 on motion of the defendant. The plaintiff appealed, and the case was remanded for the entry of a final judgment, following which the plaintiff again appealed.

1.	Did the trial court improperly dismiss a complaint filed by the General Partner of a Limited Partnership without benefit of legal counsel?

2.	Assuming the Court extends [the] holding in Old Hickory to also apply to partnerships, did [the] Court err in holding that notice of appearance and filing of amendment to complaint filed by Plaintiff's Counsel on 4/11/97 was not sufficient compliance with the law?

3.	Should the trial court judge have allowed Plaintiff's counsel to orally amend the complaint to add the words "and individually" to the amended complaint filed on 1-29-99?

## VI.
## Analysis

At the outset, it is necessary to observe that the plaintiff is a Tennessee Limited Partnership styled Investors Group I, Ltd. Roger Cameron, described as the sole General Partner, is not a party to this action. He signed and filed the complaint on behalf of Investors Group I, Ltd. He is not an attorney.

If Investors Group I, Ltd. is a legal entity, it cannot appear *pro se*. *Old Hickory Engineering and Mach. Co. Inc. v. Henry*, 937 S.W.2d 782 (Tenn. 1996).

In *Old Hickory*, a case involving a corporation, the complaint was signed and filed by the President of the Corporation. About two months later, counsel entered his appearance on behalf of the plaintiff. This was unavailing, because the corporate President had no authority to make a Rule 11 certification and the complaint was stricken. The Chancellor, relying on *Old Hickory*, ruled that the plaintiff in the case at Bar was an entity and could not appear *pro se*, but must be represented by an attorney.

A Limited Partnership is required to be certificated with a registered agent for process. It may sue or be sued, and may be merged with corporations. T.C.A. § 61-2-101 *et seq.* The main purpose of a limited partnership is to permit a form of business enterprise, other than a corporation, in which persons may invest money without becoming liable for debts of the firm. *Kesterson Foods v. Scott*, 932 S.W.2d 935, (Tenn. Ct. App. 1996). If a limited partner is passive, his position is analogous to that of a corporate shareholder. He is not required to have an ID separate from the Limited Partnership for tax purposes. The majority rule views a Limited Partnership as an entity separate and apart from the limited partners for purposes of suing and being sued. *See, 59A Am Jur. 2d* 1379 *et seq.* Limited Partnerships are widely utilized as the investment of choice. We hold that a Limited Partnership is an entity under Tennessee law, and that a general partner, who is not a licensed attorney, cannot sign and file a complaint on its behalf, pursuant to the mandates of *Old Hickory Engineering and Mach. Co. Inc., supra.* We therefore agree with the Chancellor that the complaint is void. The appearance of counsel 53 days after service of the motion to dismiss did not

satisfy the requirement of promptness in curing the defect. C*f. Old Hickory, supra* wherein the lapse was 37 days, and *Doyle Shirt Mfg. Corp. v. O'Mara*, 1999 Tenn. App. Lexis 230, wherein the lapse was 45 days.

On February 1, 1999, at oral argument on the hearing of the defendant's motion for a final order, counsel for the plaintiff orally moved to amend the complaint to add Roger Cameron, individually, as a party. This motion was denied, evidently because the plaintiff had not complied with the Order requiring any personal or individual claims to be alleged with specificity, and because the Chancellor had ordered that any amendment must be made promptly with all monetary sanctions paid. The Chancellor did not abuse her discretion in denying the oral motion. Neither the complaint, nor the tendered amended complaint, alleged grounds entitling Mr. Cameron to any relief.

We have reviewed this record *de novo*, with a presumption that, as to findings of fact, the judgment is correct unless the evidence otherwise preponderates. Rule 13(d), T.R.A.P. Review of issues of law is without a presumption of correctness.

The judgment is affirmed at the cost of the appellant, Investors Group I, Ltd., a Tennessee Limited Partnership, Roger Cameron, General Partner.

_____
WILLIAM H. INMAN, SENIOR JUDGE