**FILED**
**Dec 30, 2025**
**08:12 AM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**



### TENNESSEE BUREAU OF WORKERS' COMPENSATION
### WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Mary Christina Shurina, as Personal Representative of the Estate of Gregory Joseph Shurina, Decedent Employee | Docket No. 2021-03-0083 |
| | State File No. 16323-2021 |
| v. | |
| FedEx Ground, et al. | |
| Appeal from the Court of Workers' Compensation Claims Pamela B. Johnson, Judge | |

---

#### Affirmed and Remanded

---

In this interlocutory appeal, the personal representative of the estate of the decedent employee filed a pro se petition seeking to recover any benefits to which the estate may be entitled following what the personal representative asserts was the decedent's work-related death. The parties agreed the decedent had no dependents within the meaning of the Tennessee Workers' Compensation Law. Following the filing of a hearing request and a motion for protective order by the personal representative of the estate, the trial court issued an order in which it determined that neither the personal representative of the estate nor the estate itself can proceed with litigation in a pro se capacity. It therefore directed the estate to hire a licensed attorney, and the personal representative has appealed the court's order. Having carefully reviewed relevant statutes, regulations, and binding case precedent, we affirm the trial court's order and remand the case.

Presiding Judge Timothy W. Conner delivered the opinion of the Appeals Board in which Judge Pele I. Godkin and Judge Meredith B. Weaver joined.

Mary Christina Shurina, as Personal Representative of the Estate of Gregory Joseph Shurina, decedent-employee, Lenoir City, Tennessee, petitioner-appellant, pro se

Jonathan West, Nashville, Tennessee, for the employer-appellee, FedEx Ground

**Memorandum Opinion[1]**

The sole issue in this interlocutory appeal is whether the estate of a deceased worker, through its executor, administrator, or personal representative, can litigate a case in the Tennessee Court of Workers' Compensation Claims and/or the Workers' Compensation Appeals Board without being represented by an attorney. For the following reasons, we agree with the trial court that it cannot.

First, we note the administrator of the Bureau of Workers' Compensation is statutorily authorized to "promulgate rules and regulations consistent with this chapter." Tenn. Code Ann. § 50-6-237 (2025). Pursuant to that authority, the administrator promulgated Rule 0800-02-21-.04, which provides, in part, that "[a]ny corporation or other artificial person . . . must be represented by a licensed attorney in the court of workers' compensation claims and the workers' compensation appeals board." Tenn. Comp. R. & Regs. 0800-02-21-.04(1)(c) (2023). This regulation has the force and effect of law. *See Hadzic v. Averitt Express*, No. 2014-02-0064, 2015 TN Wrk. Comp. App. Bd. LEXIS 14, at \*7 (Tenn. Workers' Comp. App. Bd. May 18, 2015) ("It is well-settled that administrative rules and regulations have the force and effect of law.") (citing *Kogan v. Tenn. Bd. of Dentistry*, No. M2003-00291-COA-R3-CV, 2003 Tenn. App. LEXIS 933, at \*17 (Tenn. Ct. App. Dec. 30, 2003)).

Second, the Tennessee Court of Appeals has addressed whether an estate and/or its personal representatives can file a complaint on behalf of the estate in a pro se capacity. In *Grose v. Stone*, No. W2023-00090-COA-R3-CV, 2024 Tenn. App. LEXIS 186 (Tenn. Ct. App. Apr. 25, 2024), the personal representatives of an estate sought to file a wrongful death action on behalf of the estate of the deceased person in a pro se capacity. *Id.* at \*3. In their complaint, the personal representatives stated they "sought with due diligence" to retain counsel but were unable to do so. *Id.* They asked the court to allow the case "to rightfully move forward in a *pro se* status." *Id.* The trial court determined the personal representatives of an estate could not file a complaint on behalf of any other beneficiaries or entities, including the estate, because they were not attorneys. *Id.* at \*12. On appeal, the Tennessee Court of Appeals emphasized that a person who is not an attorney "may conduct and manage *the person's own case* . . . without violating the prohibition against the unauthorized practice of law." *Id.* at \*25 (quoting *Beard v. Branson*, 528 S.W.3d 487, 495 (Tenn. 2017) (internal citation and quotation marks omitted)). Yet, the Court also stated that "a non-attorney may not conduct litigation on behalf of an entity or another individual, because doing so would constitute the unauthorized practice of law." *Id.*

Here, because the decedent employee had no dependents as defined in Tennessee Code Annotated section 50-6-210, the only potential means of recovery is set out in Tennessee Code Annotated section 50-6-209, which provides, in relevant part:

---

[1] This decision is being filed pursuant to Tenn. Comp. R. and Regs. 0800-02-22-.03(1) (2023).

> In all cases of death of an employee covered by this chapter, and *where the employee leaves no dependents*, as provided in § 50-6-210, then the lump sum amount of twenty thousand dollars ($20,000) shall be paid *to the estate of the deceased employee*.

Tenn. Code Ann. § 50-6-209(b)(2) (emphasis added). Thus, in circumstances where a deceased employee has no dependents who could qualify for death benefits, Tennessee's Workers' Compensation Law limits any potential recovery to a lump sum amount paid to the deceased employee's estate, not to any particular beneficiaries of that estate. In short, a claim for the benefit provided in subsection 209(b)(2) belongs to the estate of the deceased worker, not to the personal representatives or beneficiaries of that estate. Hence, individual beneficiaries have no claim to pursue on their own behalf in a pro se capacity.[2] Instead, the estate, as an artificial legal entity, can pursue a claim for the lump sum payment set out in subsection 209(b)(2), which, if successful, results in a payment *directly to the estate*. Yet, as Tennessee's appellate courts have concluded, the personal representatives of an estate cannot pursue a claim on behalf of the estate in a pro se capacity because filing a petition, initiating or responding to discovery, engaging in settlement negotiations, and presenting the claim of the estate in court all require "the professional judgment of a lawyer, and [are], therefore, the practice of law." *Old Hickory Eng'g and Mach. Co. v. Henry*, 937 S.W.2d 782, 786 (Tenn. 1996) (internal citation and quotation marks omitted).

Before concluding, we acknowledge the statements of the personal representatives indicating they have tried to retain counsel to represent the estate but have been unable to do so. We further acknowledge the difficulties this creates for the personal representatives, who are trying to fulfill their fiduciary duties to their son's estate. Nevertheless, we cannot ignore clear statutory and regulatory directives, and we are bound by precedent that requires an artificial legal entity, such as an estate, to have legal representation in court.[3]

For the foregoing reasons, we affirm the decision of the trial court and remand the case. Costs on appeal are taxed to the estate's personal representative.

---

[2] Moreover, the beneficiaries of an estate and the dependents of a deceased employee are separate and distinct categories. *See Campbell v. Walker's Crane Serv.*, 1984 Tenn. LEXIS 933, at *7 (Tenn. Aug. 6, 1984). By definition, persons who may share in the distribution of an estate and thus receive a portion of the benefits described in subsection 209(b)(2) are not dependents of the deceased employee who could qualify for death benefits under Tennessee Code Annotated section 50-6-210 and pursue a claim for such benefits in a pro se capacity.

[3] We further note that the personal representatives have asserted certain constitutional violations they believe stem from the requirement that the estate be represented by a licensed attorney in court. However, we have no jurisdiction to address a facial challenge to the constitutionality of a statute or regulation. *See Wigdor v. Elec. Research & Mfg. Coop., Inc.*, No. 2022-07-0416, 2023 TN Wrk. Comp. App. Bd. LEXIS 57, at *3 (Tenn. Workers' Comp. App. Bd. Nov. 21, 2023).



**TENNESSEE BUREAU OF WORKERS' COMPENSATION**
**WORKERS' COMPENSATION APPEALS BOARD**

| | |
|---|---|
| Mary Christina Shurina, as Personal Representative of the Estate of Gregory Joseph Shurina, Decedent Employee | Docket No. 2021-03-0083 |
| | State File No. 16323-2021 |
| v. | |
| FedEx Ground, et al. | |
| Appeal from the Court of Workers' Compensation Claims Pamela B. Johnson, Judge | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 30th day of December, 2025.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Mary Christina Shurina, as Personal Representative of the Estate of Gregory Joseph Shurina, Decedent Employee | | | | X | knoxshu@ix.netcom.com knoxshu@aol.com 8653828156@vtext.com |
| Jonathan M. West | | | | X | jonathan.west@qpwblaw.com jamie.glass@qpwblaw.com |
| Jay Hicks | | | | X | james.hicks@tn.gov |
| Pamela B. Johnson, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov