# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs December 10, 2014

## ELM CHILDREN'S EDUCATIONAL TRUST v. WELLS FARGO BANK, N.A.

**Appeal from the Circuit Court for Knox County**
**No. 2-52-11      Harold Wimberly, Judge**

---

**No. E2013-02482-COA-R3-CV-FILED-DECEMBER 17, 2014**

---

This Court entered an order in September of 2014 directing ELM Children's Educational Trust ("the Trust") to show good cause why this appeal should not be dismissed for lack of jurisdiction because the Notice of Appeal was signed by a non-attorney, non-party. The Trust failed to show good cause. We hold that a non-attorney trustee may not represent a purportedly *pro se* trust. As such, the Notice of Appeal signed by the non-attorney trustee was insufficient to initiate an appeal on behalf of the Trust. This appeal, therefore, is dismissed for lack of jurisdiction.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**
**Case Remanded**

D. MICHAEL SWINEY, J., delivered the opinion of the Court, in which J. STEVEN STAFFORD, P.J., W.S., and KENNY W. ARMSTRONG, J. joined.

ELM Children's Educational Trust.

Summer H. McMillan, Knoxville, Tennessee, for the appellee, Wells Fargo Bank, N.A.

## OPINION

## Background

In February of 2011, the Trust filed suit against Wells Fargo Bank, N.A. ("the Bank") with regard to a foreclosure action by the Bank on real property owned by the Trust and located in Knoxville, Tennessee. The complaint was signed by John Threadgill, Trustee, who, at that time, was a licensed Tennessee attorney. In July of 2012, John Threadgill was disbarred.

The Bank filed a motion for summary judgment in March of 2013. After a hearing, the Trial Court granted the Bank summary judgment by order entered October 18, 2013. The Trial Court's October 18, 2013 order reflects that the Trust was represented by attorney Jonathan P. Harwell at that time.

On November 8, 2013, a Notice of Appeal was filed purportedly by the Trust. The Notice of Appeal lists the appellant as "ELM Children's Trust." Furthermore, the Notice of Appeal contains the style of the case, a section wherein it states: "Notice is given that ELM Children's Trust appeals the final judgment(s) of the Circuit Court of Knox County filed on 18th Oct[.] 2013 to the Court of Appeals," and a list of parties all of which contain only the name of ELM Children's Trust as the appellant. John Threadgill, Trustee is not listed as a party to this appeal. Mr. Threadgill, however, signed the Notice of Appeal and the certificate of service.

On September 10, 2014, this Court entered a show cause order stating, in pertinent part:

> John Threadgill, Trustee, filed the Notice of Appeal in this case on behalf of Elm Children's Educational Trust[1] seeking review of an order of the Circuit Court of Knox County entered on October 18, 2013. However, John Threadgill is not an attorney licensed to practice law in the State of Tennessee[2] and, therefore, cannot appear or file pleadings on behalf of the trust appellant. See Tenn. Sup. Ct. R. 7, § 1.01 (prohibiting the unauthorized practice of law); Old Hickory Eng'g & Mach. Co., Inc., 937 S.W.2d 782, 785-86 (Tenn. 1996) (holding that non-lawyer corporate officer could not sign pleading on behalf

---

[1]The sole party to the appeal is Elm Children's Educational Trust. John Threadgill is not a party to this appeal.

[2]John Threadgill was disbarred as an attorney in the State of Tennessee effective in July of 2012.

of purportedly *pro se* corporate party); <u>Maurice Morris-Bey v. Bank of America</u>, No. 2:11-cv-02999-JTF-dkv, 2013 U.S. Dist. LEXIS 109541 (W.D. Tenn. Aug. 5, 2013) (dismissing case for failure to prosecute after adopting report of magistrate judge finding that non-lawyer trustee had no authority to represent trust, parties had been so advised, and trust had failed to retain counsel); <u>see also</u> <u>Knoefler v. United Bank of Bismark</u>, 20 F.3d 347 (8th Cir. 1994) (holding *inter alia* that a non-lawyer trustee may not represent trust *pro se* in federal court); <u>see also</u> Tenn. Code Ann. § 23-3-103 (criminalizing the unauthorized practice of law). Consequently, it appears that the Notice of Appeal is insufficient to initiate an appeal on behalf of the trust appellant. <u>See</u> Tenn. R. Civ. P. 11.01 ("Every pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's individual name, or, if the party is not represented by an attorney, shall be signed by the party.")[3].

(footnotes in original).

The Trust did not respond to our September 10, 2014 order to show cause. Instead, Mr. Threadgill filed a response arguing, in pertinent part, that the federal cases cited in our September 10, 2014 order are not applicable because they have "no relevance to the Tennessee Rules of Civil Procedure," or, in the alternative, because they are trial court cases, which allegedly implies that this issue "can only be raised at the trial court level and not when the case is ready for argument in the Tennessee Court of Appeals."[4] Mr. Threadgill's response further argues that "John Threadgill, Trustee was the party [who filed this appeal]."

**Discussion**

Pursuant to Tenn. R. App. P. 13(b), "[t]he appellate court shall also consider whether the trial court and appellate court have jurisdiction over the subject matter, whether or not presented for review, . . . ." Tenn. R. App. P. 13(b). Thus, we *sua sponte* raise the

---

[3]The Tennessee Rules of Civil Procedure are applicable because, pursuant to Tenn. R. App. P. Rules 3 and 4, the notice of appeal shall be filed with the trial court clerk. <u>See</u> Tenn. R. App. P. 3 (regarding initiation of an appeal as of right by timely filing of notice of appeal with clerk of the trial court); Tenn. R. App. P. 4 (providing time for filing notice of appeal with the clerk of the trial court as required by Tenn. R. App. P. 3).

[4]The argument that this issue can be raised only at the trial court level is disingenuous as the Trust was represented in the Trial Court by a licensed attorney. Thus, any attempt to raise the issue at the trial court level in this case would have been moot.

issue of whether the Notice of Appeal signed by the non-attorney trustee on behalf of the purportedly *pro se* Trust properly invoked the jurisdiction of this Court.

To begin, we note that the Notice of Appeal filed in this case clearly and unequivocally states that the appellant is "ELM Children's Trust." Nowhere within the Notice of Appeal is John Threadgill, Trustee listed or designated as a party to this appeal. John Threadgill, Trustee is not a party to this appeal. The only appellant involved in this appeal is the Trust.

Since the Trust is the only appellant in this case, we must determine whether a non-attorney trustee may represent a trust in our Tennessee courts. As for Mr. Threadgill's argument that federal case law does not apply, while the federal case law as discussed is not binding upon this Court, we find the reasoning adopted by the federal courts to be persuasive with regard to this matter which apparently is of first impression in Tennessee. The federal courts have analogized the representation of a trust in federal court to the representation of a corporation in federal court and have held that a non-attorney may not represent either a corporation or a trust in federal court as such representation would constitute the unauthorized practice of law. *E.g.,Knoefler v. United Bank of Bismark*, 20 F.3d 347 (8th Cir. 1994) (holding *inter alia* that a non-lawyer trustee may not represent a trust *pro se* in federal court).

As is the case under federal law, trusts and corporations under Tennessee law are artificial legal entities. While our Tennessee courts have not directly addressed the issue of whether a non-attorney trustee may represent a trust in court, our Supreme Court has addressed the issue of whether a non-attorney may represent a corporation in court and has held that a non-attorney may not represent a corporation in our Tennessee courts. *E.g., Old Hickory Eng'g & Machine Co, Inc. v. Henry,* 937 S.W.2d 782 (Tenn. 1996). Our Supreme Court discussed the rational behind its decision in *Old Hickory Eng'g & Machine Co, Inc.* stating:

> Allowing the president of the corporation to make the affirmations required by Rule 11 would constitute the unauthorized practice of law. The rule and the policy consideration are well stated in *Third National Bank in Nashville v. Celebrate Yourself Productions, Inc.*, 807 S.W.2d 704 (Tenn. Ct. App. 1990). In that case, the court declined to allow two shareholders of a closely held corporation, who were not attorneys, to represent the corporation in a bank's action for default of a promissory note. The bank had filed suit against the corporation, as well as its three shareholders who were guarantors of the corporation's note. The shareholders contended that by preventing them

-4-

from representing the indigent corporation, it was denied due process. Finding no merit to this argument, the Court of Appeals held:

> The purpose of our statutes regulating the practice of law is to prevent the public's being preyed upon by those who, for valuable consideration, seek to perform services which require skill, training and character, without adequate qualifications. *Haverty Furniture Co. v. Foust*, 174 Tenn. 203, 124 S.W.2d 694 (1939). When a corporation is a party to a lawsuit, these statutes imply a representation that is distinct from an officer or other corporate employee. *Id.* at 214, 124 S.W.2d 694. It is well established that a corporation cannot practice law, nor can it employ a licensed practitioner to practice for it. *State ex rel. Loser v. National Optical Stores Co.*, 189 Tenn. 433, 225 S.W.2d 263 [1949]; *State v. Retail Credit Men's Ass'n*, 163 Tenn. 450, 43 S.W.2d 918 (1931).
>
> To allow [the shareholders] to act as legal representatives of [the corporation] in this lawsuit would be a direct violation of the rules of our Supreme Court which provide:
>
>> No person shall engage in the "practice of law" or the "law business" in Tennessee, except pursuant to the authority of this court, as evidenced by a license issued in accordance with this Rule, or in accordance with the provisions of this Rule governing special or limited practice.
>
> Tenn. Sup. Ct. R. 7, § 1.01.

*Id*. at 706-707.

*Old Hickory Eng'g*, 937 S.W.2d at 785-86. Tennessee provides protections for the public against the unauthorized practice of law. *See* Tenn. Code Ann. § 23-3-103 (2009) (criminalizing the unauthorized practice of law).

Mr. Threadgill argues that he should be allowed as the trustee of the Trust to represent the Trust in court, implying that his interests and the Trust's interests are synonymous. A trustee and a trust, however, are two separate entities. They are not interchangeable. This is evidenced by the fact that a trustee may be replaced, removed, or

substituted without destruction of the trust. *See, e.g.,* Tenn. Code Ann. § 35-15-414(b) (2007) (providing "The court may . . . remove the trustee and appoint a different trustee . . . ." ); Tenn. Code Ann. § 35-15-701(b) (2007) (providing "[a] person designated as trustee who has not yet accepted the trusteeship may reject the trusteeship."); Tenn. Code Ann. § 35-15-704 (2007) (providing for the appointment of a successor trustee in the event of a vacancy in trusteeship); Tenn. Code Ann. § 35-15-707 (2007) (addressing duties of a trustee who has resigned or been removed); Tenn. Code Ann. § 35-15-1001 (2007) (providing that a court may suspend or remove a trustee, among other things, to remedy a breach of trust).

As a trustee and a trust are two separate entities, it follows that, while ideally their interests would be harmonious, in reality their interests may not be so. Thus, we find that a situation wherein a non-attorney trustee is attempting to represent a trust in court is analogous to a situation wherein a non-attorney corporate officer or shareholder is attempting to represent a corporation in court.

Given all of the above, we hold that a non-attorney trustee may not represent a trust in our Tennessee courts. As Tenn. R. Civ. P. 11 requires that "[e]very pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's individual name, or, if the party is not represented by an attorney, shall be signed by the party," and the Notice of Appeal in this case was not signed by an attorney, the Notice of Appeal was insufficient to initiate an appeal on behalf of the Trust. We, therefore, dismiss this appeal for lack of jurisdiction.

## Conclusion

This appeal is dismissed for lack of jurisdiction, and this cause is remanded to the Trial Court for collection of the costs below. The costs on appeal are assessed against the appellant, ELM Children's Educational Trust.

_____
D. MICHAEL SWINEY, JUDGE