IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
January 20, 2016 Session

## AURORA LOAN SERVICES LLC, ET AL. v. LINDA S. ELAM, ET AL.

**Appeal from the Chancery Court for Fayette County**
**No. 15895    Martha Brasfield, Chancellor**

_____

**No. W2015-01097-COA-R3-CV – Filed February 18, 2016**
_____

This is an appeal of a grant of summary judgment. Defendant Linda Elam conveyed property owned by her individually to Defendant Trust. This property was then pledged as collateral to secure a construction loan for the Trust. Defendants Fred and Linda Elam then obtained another loan in their individual capacities. Appellee's predecessor in interest obtained ownership of the Defendants' individual loan and brought suit seeking to have the conveyance of the property to the Trust declared void. On the Appellee's first motion for summary judgment, the trial court found the conveyance of the property to the trust to be valid. On Appellee's second motion for summary judgment, the trial court found that the property owned by the trust had been pledged as collateral for the second loan made to Defendants Fred and Linda Elam. Appellant, Fred Elam, appealed in his individual capacity. We conclude that Appellant cannot prosecute the appeal, and the appeal is dismissed.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

KENNY ARMSTRONG, J., delivered the opinion of the Court, in which J. STEVEN STAFFORD, P.J., W.S., and BRANDON O. GIBSON, J., joined.

Fred Elam, Piperton, Tennessee, *pro se*.

James. A. Crislip, Memphis, Tennessee, for the appellee, NationStar Mortgage, LLC.

## OPINION

## I. Background

On December 2, 2002, Linda Elam acquired title to real property located at 50 Brierwood Circle, Piperton, Tennessee ("the Property"). On December 12, 2002, Linda and Fred Elam ("the Elams") filed a Certificate of Trust creating the "L & F Irrevocable Trust dated December 12, 2002" ("L & F Trust" or "Trust"). The Certificate of Trust named Fred Elam as the trustee. Also on December 12, 2002, Linda Elam conveyed the Property, owned by her individually, to the Trust by quitclaim deed. On December 23, 2002, Fred Elam, in his capacity as trustee, executed a deed of trust pledging the Property as collateral to secure a construction loan from Merchants & Farmers Bank in the amount of $386,669.63.

On March 31, 2004, the Elams, in their individual capacities, received a loan from Realty Mortgage Corporation in the amount of $540,000.00. To secure the loan, the Elams, purportedly in their individual capacities, executed a deed of trust pledging the Property as collateral. The Elams used the $540,000.00 loan to repay their loan to Merchants & Farmers Bank as well as to make improvements to the house located on the Property. Aurora Loan Services, LLC ("Aurora") eventually obtained ownership of the Elams' note and loan held by Realty Mortgage Corporation. On July 18, 2007, the Elams obtained a loan from FirstBank in the amount of $148,000.00. On December 13, 2007, the Elams executed a "Workout Agreement" with Aurora regarding late payments on the $540,000.00 loan. On May 28, 2008, the Elams executed a "Loan Modification Agreement" with Aurora, also regarding the Elams' ability to repay their loan. In the years following these agreements, the Elams filed multiple bankruptcy actions.

On April 27, 2012, Aurora filed suit against the Elams and the L & F Trust (together, "Defendants"), seeking a declaratory judgment that the December 12, 2002 deed conveying the Property from Linda Elam to the L & F Trust was void. In the alternative, Aurora sought to "assume the priority position of the Merchants & Farmers Bank mortgage." In addition, Aurora sought to have the trial court find that the Property was pledged as collateral for the $540,000.00 loan, or, in the alternative, that Aurora held an equitable lien on the Defendants' property. The lawsuit also named several other defendants for notice purposes.

On July 31, 2012, Defendants filed their answer. That same day, FirstBank, which was one of the parties named as a defendant by Aurora for notice purposes, filed its answer and cross-complaint. By its cross-complaint, FirstBank sought a declaratory judgment that the quitclaim deed conveying the Property from Linda Elam to the Trust was void, and averred that "all subsequent properly recorded deeds of trust, tax liens, judgment liens, and liens of any sort were properly perfected on the date and time of recordation." The cross-

2

complaint also asserted a claim for negligence against Sharon K. Anderson, the closing attorney, in the amount of $148,500.00 for improperly preparing closing documents. On September 20, 2012, Defendants answered FirstBank's counter-complaint. Sharon Anderson filed her answer to FirstBank's complaint on October 4, 2012. On May 16, 2013, the trial court entered a consent order substituting NationStar Mortgage, LLC ("Nationstar" or "Appellee") as the plaintiff for Aurora.[1]

On June 7, 2013, Nationstar filed a motion for summary judgment seeking a declaration that the deed from Linda Elam to the Trust was void. In its motion for summary judgment, Nationstar argued that because Linda Elam deeded the Property to the Trust, as opposed to its trustee, the deed was rendered void, arguing that under Tennessee law a conveyance to a trust, rather than to its trustee, is void. On July 10, 2013, FirstBank filed a "notice of non-opposition" to Nationstar's motion for summary judgment. On August 7, 2013, Defendants filed their response to Nationstar's motion for summary judgment.

On May 20, 2014, the trial court entered an order denying Nationstar's motion for summary judgment. In this order, the trial court found that Linda Elam's intentions were "obvious" in light of the Certificate of Trust and the quitclaim deed, and that the Property was "being conveyed for trust purposes." Based on these findings, the trial court followed the rule of construction that documents should be given constructions that render them valid instead of void and found that the December 2, 2002 quitclaim deed conveying the Property from Linda Elam to the L & F Trust was valid. On December 4, 2014, the trial court entered a consent order dismissing FirstBank's claims against Sharon Anderson.

On January 20, 2015, Nationstar filed a second motion for summary judgment. This motion asked the trial court to declare that the Property was pledged as collateral to secure the March 31, 2004 $540,000.00 loan from Realty Mortgage Corporation. In the alternative, the motion sought to have the court declare that Nationstar held a priority position "of the Merchants & Farmers Bank mortgage" or that Nationstar held a "first priority equitable lien" on the Property. On April 17, 2015, Defendants responded to the motion for summary judgment. On May 14, 2015, the trial court entered an order granting Nationstar's second motion for summary judgment and dismissing the cross-complaint. This order found that it was the intention of the Elams, the Trust and Realty Mortgage that the Property would be collateral for the loan and ordered that the March 31, 2004 deed of trust securing the Property as collateral for the $540,000.00 loan "be reformed to reflect that the interest of the [L & F Irrevocable Trust] was effectively conveyed in said deed of trust through its Trustee, Fred Elam." Fred Elam ("Appellant") filed the instant appeal in his individual capacity on June 10, 2015.

---

[1] Nationstar obtained ownership of the Elams' loan and so became the party in interest.

## II. Issues

Although Appellant presents two issues for review, we restate the issue on this appeal as whether the trial court erred in granting Appellee's second motion for summary judgment.

## III. Analysis

We recognize at the outset that Appellant represents himself in this appeal. *Pro se* litigants are entitled to fair and equal treatment by the courts. *See **Hessmer v. Hessmer***, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003). While we take into account that Mr. Elam has no formal legal training, we must "be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe." *Id.* "Even though the courts cannot create claims or defenses for pro se litigants where none exist, they should give effect to the substance, rather than the form or terminology, of a pro se litigant's papers." *Id.* at 904 (internal citations omitted).

To begin, we note that the only party listed on the Notice of Appeal is "Fred Elam." Consequently, Mr. Elam has perfected an appeal to this Court in his individual capacity only. However, "[u]nder our case law only an aggrieved party has a right to prosecute an appeal." ***Koontz v. Epperson Elec. Co.***, 643 S.W.2d 333, 335 (Tenn. Ct. App. 1982). "An aggrieved party has been defined as one having an interest recognized by law which is injuriously affected by the judgment whose property rights or personal interest are directly affected by its operation." *Id.* (internal citations omitted)(*see also **Clark v. Perry***, No. 02A01-9704-CH-00080, 1998 WL 34190562 (Tenn. Ct. App. March 19, 1998)). Under this test, we conclude that Mr. Elam, in his individual capacity, is not an aggrieved party.

The trial court's order finding Linda Elam's conveyance of the Property to the L & F Trust valid is not being appealed. Thus, the Property is now indisputably owned by the Trust. Mr. Elam is not a beneficiary of the L & F Trust. Although the Certificate of Trust creating the L & F Trust does not name any beneficiaries, the record reveals that Mrs. Elam and the Elams' daughters are the intended beneficiaries of the Trust. In his individual capacity, Mr. Elam does not have, and has never had, any legal interest in the Property owned by the Trust. The trial court's order simply finds that the Property is collateral securing the $540,000.00 loan made to the Elams in their individual capacities. The order does not affect Mr. Elam's loan obligation to the Appellee. Rather, it merely secures his loan with property held by a third party, which does not affect any of Mr. Elam's property rights. Accordingly, we conclude that in his individual capacity Mr. Elam is not aggrieved by the trial court's order and, consequently, he cannot prosecute this appeal in his individual capacity.

Furthermore, Mr. Elam cannot prosecute this appeal in his capacity as trustee of the L & F Trust. There is no indication that Mr. Elam intended to appeal on behalf of the Trust, as the notice of appeal only lists "Fred Elam" as the appealing party, with no mention of the Trust or Mr. Elam's position as its trustee. However, even if we were to assume that Appellant intended to file the Notice of Appeal in his capacity as the trustee of the L & F Trust, we still would not reach the merits of the case.

This Court has previously determined that "a non-attorney trustee may not represent a trust in our Tennessee courts." ***Elm's Children's Educational Trust v. Wells Fargo Bank, N.A.***, 468 S.W.3d 529, 533 (Tenn. Ct. App. 2014). In ***Elm***, the only party appearing on the Notice of Appeal was a trust. *Id.* at 531. The issue before the ***Elm*** Court was whether the trust's non-attorney trustee could appear on the Trust's behalf. *Id.* In reaching its conclusion, the ***Elm*** court stated that

> Tenn. R. Civ. P. 11 requires that "[e]very pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's individual name, or, if the party is not represented by an attorney, shall be signed by the party," and the Notice of Appeal in this case was not signed by an attorney, the Notice of Appeal was insufficient to initiate an appeal on behalf of the Trust. We, therefore, dismiss this appeal for lack of jurisdiction.

*Id.* at 533. Therefore, even if we allowed that Appellant signed the Notice of Appeal in his capacity as trustee for the L & F Trust, this Court would not have subject matter jurisdiction over the case. Because Mr. Elam, individually, is not aggrieved by the trial court's order, and because he cannot perfect an appeal on behalf of the Trust, the appeal is dismissed.

## IV. Conclusion

For the foregoing reasons, the appeal is dismissed. The case is remanded for such further proceedings as may be necessary and are consistent with this opinion. Costs of the appeal are taxed to the Appellant, Fred Elam, for all of which execution may issue if necessary.

_____
KENNY ARMSTRONG, JUDGE

5