IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
May 22, 2019 Session

## CHARLES RAY FAUBION ET AL. v. CHARLES SIGERSETH ET AL.

Appeal from the Chancery Court for Knox County
No. 192554-1          John F. Weaver, Chancellor

———————————————————

No. E2018-01556-COA-R3-CV

———————————————————

This appeal follows the trial court's confirmation of an arbitration award.  Insofar as this appeal relates to Dreamaker Properties, LLC, we must dismiss the appeal because the company is not represented by counsel and has therefore failed to validly participate and properly raise any issues for our review on appeal.  With regard to the remaining appellant, who is proceeding *pro se*, we affirm the trial court's judgment because his raised issue lacks merit.  As we understand his argument, the appellant maintains that the trial court lacked subject matter jurisdiction to enforce the arbitration award because he was never a party to an agreement to arbitrate. As the record transmitted to us on appeal confirms, however, an "Agreed Order" was entered in this case directing that the case be ordered to arbitration.  Moreover, the record reveals that, prior to the actual arbitration, the contesting appellant entered into an "Agreement to Arbitrate" regarding "any and all disputes."

**Tenn. R. App. P. 3 Appeal as of Right; Appeal as to Dreamaker Properties, LLC
Dismissed; Judgment of the Chancery Court Otherwise Affirmed and Remanded**

ARNOLD B. GOLDIN, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and JOHN W. MCCLARTY, J., joined.

Charles Sigerseth, Lenoir City, Tennessee, Pro se.

Nathaniel Evans, Knoxville, Tennessee, for the appellees, Charles Ray Faubion, and C&R Investment Group, Inc..

# OPINION

## BACKGROUND AND PROCEDURAL HISTORY

This case arises out of a coordinated business effort to renovate and sell houses. The underlying business arrangement involved a number of parties, both individual and corporate, but eventually, the existing relationships deteriorated. When litigation later ensued in the Knox County Chancery Court, it involved multiple claims and multiple parties.

Soon after this lawsuit was commenced, the named Defendants, including Charles Sigerseth and Dreamaker Properties, LLC, filed a motion in the chancery court to compel arbitration. Although the request for arbitration was initially met with opposition,[1] an "Agreed Order" was thereafter entered directing that the case be ordered to arbitration. Mr. Sigerseth's attorney of record in the trial court approved the "Agreed Order, and the record further contains evidence that, prior to arbitration, an "Agreement to Arbitrate" was entered into, specifically providing for arbitration of "any and all disputes." As is relevant herein, Defendant/Appellant Charles Sigerseth, who originally moved to compel arbitration, is a party to the "Agreement to Arbitrate," and the agreement was signed by his then-counsel. The "Agreement to Arbitrate" stated that all disputes would "be submitted to W. Kyle Carpenter as arbitrator, and the proceedings will be conducted in accordance with the Commercial Arbitration Rules of the American Arbitration Association."

The parties appeared before Mr. Carpenter in June 2017, and following the arbitration, he ruled that judgments should be awarded against Dreamaker Properties, LLC and Charles Sigerseth. Whereas the Plaintiffs subsequently filed an application with the chancery court praying that the arbitrator's award be affirmed, Dreamaker Properties, LLC and Charles Sigerseth each filed separate applications requesting that the chancery court vacate or modify the award. Proceeding *pro se*, Mr. Sigerseth specifically argued that the chancery court was without jurisdictional authority to enforce the arbitrator's award because he was not a party to a written arbitration agreement. Various filings were thereafter submitted by the parties in support of their respective positions, and subsequently, the chancery court entered an "Order Amending and Affirming Arbitration Award." As a result, the judgment against Dreamaker Properties, LLC was modified, but Mr. Sigerseth's application to vacate the award against him was denied. This appeal followed.

---

[1] In challenging the Defendants' motion for arbitration, the Plaintiffs argued, among other things, that the arbitration provision which had been referenced by the Defendants had not been signed by all parties.

**DISCUSSION**

We first address a preliminary concern pertaining to the representation of the parties in this matter. This appeal comes for our review pursuant to a notice of appeal and brief filed by Mr. Sigerseth, proceeding *pro se*. Although Mr. Sigerseth represents his own interests, he also purports to represent those of Dreamaker Properties, LLC. There is no question that Mr. Sigerseth is permitted to represent himself, but as a non-attorney, he cannot legally represent Dreamaker Properties, LLC. Indeed, a limited liability company "may only appear in court through counsel." *Collier v. Greenbrier Developers, LLC*, 358 S.W.3d 195, 200 (Tenn. Ct. App. 2009) (quoting 83 Am. Jur. 2d. *Limited Liability Companies* § 1); *see also Elm Children's Educ. Trust v. Wells Fargo Bank, N.A.*, 468 S.W.3d 529, 532 (Tenn. Ct. App. 2014) (noting that our Supreme Court has held that a non-attorney may not represent a corporation in Tennessee courts); *Old Hickory Eng'g & Mach. Co., Inc. v. Henry*, 937 S.W.2d 782, 786 (Tenn. 1996) (stating that "a corporation cannot act *pro se* in a court proceeding nor can it be represented by an officer or other non-lawyer agent"). Here, inasmuch as Dreamaker Properties, LLC has not validly participated in this appeal through the representation of a licensed attorney, it has not properly raised any issues for our review. Accordingly, we dismiss this appeal as it relates to Dreamaker Properties, LLC and turn solely to the issue raised by Mr. Sigerseth on appeal.[2]

In his brief, Mr. Sigerseth articulates only one issue for our review, listing the following under his "Issue Presented" heading: "LACK OF SUBJECT MATTER JURISDICTION § 29-5-302." The thrust of Mr. Sigerseth's position appears to be that the chancery court lacked subject matter jurisdiction because he did not agree to arbitrate. As Mr. Sigerseth correctly notes, prior case law does demonstrate that a court's jurisdiction to confirm an arbitration award remains contingent on the existence of an agreement to arbitrate. Indeed, in *Brown v. Styles*, No. M2010-02403-COA-R3-CV, 2011 WL 3655158 (Tenn. Ct. App. Aug. 18, 2011), this Court noted as follows:

> The trial court lacked subject matter jurisdiction to confirm the *ex parte* arbitration award against Brown because Brown was not a party to the "written agreement" at issue. As Tenn. Code Ann. § 29–5–302 clearly provides, the making of a written agreement that contains a provision for

---

[2] Although there is a brief argument in the Appellees' appellate brief requesting attorney's fees on appeal, we consider this issue to be waived because it was not separately raised in the Statement of the Issues section of their brief. *See Childress v. Union Realty Co., Ltd.*, 97 S.W.3d 573, 578 (Tenn. Ct. App. 2002) ("We consider an issue waived where it is argued in the brief but not designated as an issue."). While the Appellees' Statement of the Issues section does contain an issue regarding attorney's fees, that issue, as phrased, merely amounts to an argument in support of what was awarded in the trial court. Indeed, the raised issue states "Whether an award of attorneys *was appropriate* for litigation costs following the affirmation of the Arbitration Award in this case." (emphasis added). A claim for *appellate* attorney's fees is not separately or specifically raised in that section.

arbitration *"confers jurisdiction on the court to enforce the agreement ... and to enter judgment on an award thereunder."* Tenn. Code Ann. § 29–5–302(a), (b). Absent the above conditions precedent, the trial court lacks jurisdiction to confirm an arbitration award against Brown individually.

*Id.* at *4.

The problem with Mr. Sigerseth's argument here, however, is that he did, in fact, agree to arbitrate the claims against him in this case. Indeed, we note that, during the pendency of this litigation, an "Agreed Order" was entered by the trial court directing that the lawsuit be sent to arbitration. Mr. Sigerseth was a named party to the lawsuit, and as previously noted, his attorney of record approved the "Agreed Order."[3] Moreover, Mr. Sigerseth was a party to a subsequent formal "Agreement to Arbitrate" entered into prior to the actual arbitration that provided for the arbitration of "any and all disputes," and this agreement was also signed by Mr. Sigerseth's attorney. Clearly contrary to the argument underlying his raised issue, Mr. Sigerseth agreed to arbitration in this matter. As such, his claim that the chancery court lacked subject matter jurisdiction to confirm the arbitrator's award is without merit.[4]

## CONCLUSION

For the foregoing reasons, the appeal as it relates to Dreamaker Properties, LLC is dismissed and the judgment of the chancery court is otherwise hereby affirmed.

_____
ARNOLD B. GOLDIN, JUDGE

---

[3] Although Mr. Sigerseth has proceeded *pro se* in this appeal, he was previously represented by counsel.

[4] Mr. Sigerseth's argument ultimately appears to be a product of his decision to focus on the fact that he was not a party to the operating agreement of Dreamaker Properties, LLC, which contained an arbitration provision. Regardless of whether Mr. Sigerseth was a party to an arbitration agreement before the onset of litigation, Mr. Sigerseth clearly agreed to arbitrate the claims affecting him during the pendency of the case in the chancery court.