IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs June 1, 2021

**STATE OF TENNESSEE v. DELINQUENT TAXPAYERS 2015 (MANFRED STEINHAGEN)**

**Appeal from the Chancery Court for Shelby County**
**No. TX-2017-1      Walter L. Evans, Judge**

———————————————

**No. W2020-00981-COA-R3-CV**

———————————————

This appeal arises from the court-ordered sale of real property to satisfy unpaid property tax owned by a living trust. After the property was sold, the trustee, acting pro se, moved to set aside the sale, asserting a violation of the trust's due-process rights. The trial court dismissed the motion because the trustee was not a licensed attorney and was thus unqualified to represent the trust in a legal proceeding. For the reasons explained below, we have determined that the trial court correctly dismissed the motion because the pro se trustee is not licensed to practice law in Tennessee. We also dismiss this appeal on the same ground because the trustee signed the notice of appeal on behalf of the trust, and a non-attorney may not represent a trust in our Tennessee courts. *See ELM Children's Educational Trust v. Wells Fargo Bank, N.A.*, 468 S.W.3d 529, 530 (Tenn. Ct. App. 2014); *see also* Tenn. R. Civ. P. 11 and *Old Hickory Eng'g & Machine Co, Inc. v. Henry*, 937 S.W.2d 782, 786 (Tenn. 1996). Accordingly, this appeal is dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Dismissed**

FRANK G. CLEMENT JR., P.J., M.S., delivered the opinion of the Court, in which JOHN W. MCCLARTY and ARNOLD B. GOLDIN, JJ., joined.

Manfred Steinhagen, Bethel Springs, Tennessee, pro se.

Gregory S. Gallagher, Memphis, Tennessee, for the appellee, Shelby County, Tennessee.

## OPINION

In March 2017, Shelby County filed a lawsuit to collect delinquent land taxes under Tenn. Code Ann. § 67-5-2405. Among the named defendants was the Poor Immigrants Living Trust ("the Trust"), then owner of real property at 2207 Freemont Avenue in Memphis, Tennessee ("the Property"). In February 2019, the Property was sold at auction to satisfy the Trust's tax debt.

In April 2019, Manfred Steinhagen, acting in his capacity as the trustee of the Trust, filed a pro se Motion for Hearing, asserting that the Property was sold without due process. Following a hearing, the trial court denied Mr. Steinhagen's Motion. In its order, the trial court explained that it dismissed the Motion for Hearing because Mr. Steinhagen is not a licensed attorney and thus not qualified to represent the Trust. For completeness, the trial court also addressed the merits of Mr. Steinhagen's argument and concluded that the Trust was not denied due process. The court found that the Property was legally sold, and the Trust was notified of its right of redemption.

This appeal followed.

### STANDARD OF REVIEW

In actions tried upon the facts without a jury, appellate courts review the trial court's findings de novo upon the record, accompanied by a presumption of the correctness unless the preponderance of the evidence is otherwise. *Kelly v. Kelly*, 445 S.W.3d 685, 692 (Tenn. 2014) (citing Tenn. R. App. P. 13(d)). Our review of a trial court's determinations on issues of law is de novo, with no presumption of correctness. *Lind v. Beaman Dodge, Inc*., 356 S.W.3d 889, 895 (Tenn. 2011).

### ANALYSIS

The trial court dismissed the Motion because Mr. Steinhagen was not a licensed attorney; thus, he could not represent the Trust in court. It is undisputed that Mr. Steinhagen is not and has never been an attorney in the State of Tennessee. Thus, the dispositive issue is whether the non-attorney trustee may sign pleadings and other court papers on behalf of the Trust and advocate on behalf of the Trust in a court proceeding.

Tennessee Rule of Civil Procedure 11 requires that "[e]very pleading, written motion, and other paper" be "signed by at least one attorney of record in the attorney's individual name." In *ELM Children's Educational Trust v. Wells Fargo Bank, N.A.*, 468 S.W.3d 529 (Tenn. Ct. App. 2014), which decision the trial court relied upon, a trust sued a bank after the bank foreclosed on the trust's property. *Id*. at 530. While the case was still pending, the trust's attorney trustee was disbarred. *Id*. Later, the trial court granted summary judgment for the bank. *Id*. The disbarred trustee then signed and filed a Notice of Appeal, purportedly on behalf of the trust. *Id*. This court, however, found the Notice of Appeal was insufficient because the trustee was no longer an attorney, reasoning that Tenn. R. Civ. P. 11 requires "[e]very pleading, written motion, and other paper" to be "signed by at least one attorney of record in the attorney's individual name." *Id*. at 533 (quoting Tenn. R. Civ. P. 11).

- 2 -

Moreover, in *ELM*, we rejected the trustee's argument "that he should be allowed as the trustee of the Trust to represent the Trust in court, implying that his interests and the Trust's interests are synonymous." *Id*. We noted the principle that "a non-attorney may not represent a corporation in our Tennessee courts." *Id*. at 532 (citing *Old Hickory Eng'g & Machine Co, Inc. v. Henry*, 937 S.W.2d 782 (Tenn. 1996)). And we found "that a situation wherein a non-attorney trustee is attempting to represent a trust in court is analogous to a situation wherein a non-attorney corporate officer or shareholder is attempting to represent a corporation in court." *Id*. at 533. This is because "a trustee and a trust are two separate entities" and "not interchangeable"; thus, their interests may not be harmonious. *Id*. Accordingly, we dismissed the appeal for lack of jurisdiction.

Mr. Steinhagen contends this case differs from *ELM* because he is "the sole beneficiary" of the Trust. In support of his argument, Mr. Steinhagen cites *Tradewinds Hotel, Inc. v. Cochran*, 799 P.2d 60 (Haw. Ct. App. 1990). In *Tradewinds*, the Intermediate Appellate Court of Hawai'i held that a non-attorney trustee may represent a trust in litigation when "he is the real party in interest," i.e., the sole beneficiary of the trust. *Id*. at 66. Whether a sole beneficiary may represent an estate or trust pro se has not been addressed in Tennessee. *See Beard v. Branson*, 528 S.W.3d 487, 496 (Tenn. 2017) (recognizing that a sole non-attorney beneficiary may represent an estate pro se under federal law when the estate has no creditors (citing *Bass v. Leatherwood*, 788 F.3d 228, 230 (6th Cir. 2015))). Regardless, this contention is irrelevant to the issue at hand because the Trust Agreement directs the distribution of "net income and principal . . . for the support, maintenance and benefit of [Mr. Steinhagen] **or Victorina Pintea**." (Emphasis added). Because Mr. Steinhagen failed to establish that he is the sole beneficiary of the Trust, this issue is moot.

As stated, Tennessee Rule of Civil Procedure 11 requires "[e]very pleading, written motion, and other paper" to be "signed by at least one attorney of record in the attorney's individual name, or, if the party is not represented by an attorney, . . . by the party." Failure to comply with this rule will cause the pleading to be stricken. *Id*.; *see also Old Hickory Eng'g & Mach. Co.*, 937 S.W.2d at 786. Thus, we find the trial court acted appropriately by dismissing the Motion for Hearing.[1] Further, because only Mr. Steinhagen signed the Notice of Appeal on behalf of the Trust, we dismiss the appeal.

---

[1] Mr. Steinhagen raised other issues but our resolution on this ground pretermits all other issues raised on appeal.

## IN CONCLUSION

Based on the above, this appeal is dismissed and this matter is remanded for the collection of costs of appeal, which are assessed jointly and severally against Manfred Steinhagen and the Poor Immigrants Living Trust.

_____
FRANK G. CLEMENT JR., P.J., M.S.