IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs March 11, 2024

## WAYNE HADDIX D/B/A 385 VENTURES v. JAYTON STINSON ET AL.

**Appeal from the Chancery Court for Shelby County**
**No. CH-17-0002     JoeDae L. Jenkins, Chancellor**

_____

**No. W2023-00679-COA-R3-CV**
_____

This appeal arises from a breach of contract action wherein the appellee was directed to deposit funds owed to the appellant with the Clerk and Master. The appellee claimed an interest in some of the deposited funds pursuant to a separate contract. The trial court granted a default judgment in favor of the appellee for the requested amount. Because the appellant failed to comply with the briefing requirements set out in Rule 27 of the Tennessee Rules of Appellate Procedure and Rule 6 of the Rules of the Court of Appeals of Tennessee, we dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed and Remanded**

J. STEVEN STAFFORD, P.J., W.S., delivered the opinion of the court, in which ARNOLD B. GOLDIN and CARMA DENNIS MCGEE, JJ., joined.

Mark T. Stinson, Miami, Florida, Pro se.

Jamie Morton, Memphis, Tennessee, for the appellee, Shelby County Board of Education.

**MEMORANDUM OPINION[1]**

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

# I. FACTUAL AND PROCEDURAL BACKGROUND

This appeal has its origins in a contract entered into between Appellee the Shelby County Board of Education ("the Board") and Conexx Staffing Services ("Conexx Staffing") in 2015. The contract included cost-offsetting and indemnity clauses. After the contract was executed, the Board was informed that another company had taken assignment of Conexx Staffing's receivables, and all sums owed to Conexx Staffing should instead be paid to that company. In April 2016, the Board accidentally sent Check No. 520827 in the amount of $33,594.00 directly to Conexx Staffing, rather than the assigned company. The Board stopped payment on this check and issued Check No. 522121 in the same amount to be paid to the assigned company as directed.

In the meantime, Check No. 520827 was used as consideration in negotiation between Conexx Staffing and a liquor store. The liquor store was unaware that the Board had stopped payment on the check. When the Board's bank denied payment, the liquor store asserted its rights as a holder in due course and its entitlement to the full value of Check No. 520827. The Board made good on the check in exchange for being assigned the liquor store's rights as holder of Check No. 520827 in due course.

Conexx Staffing subsequently entered into a business purchase agreement with 385 Ventures, Inc. ("385 Ventures"). The agreement included that 385 Ventures would assume Conexx Staffing's liabilities to the liquor store and the Board.

On January 4, 2017, 385 Ventures filed a verified complaint for breach of contract, fraud, accounting, and injunctive relief in the Shelby County Chancery Court ("the trial court") against Jayton Stinson, Mark Stinson, Conexx Staffing, and Conexx Services, Inc. ("Conexx Services", and collectively, "the Conexx Defendants"). The complaint alleged that 385 Ventures entered into the agreement to purchase a majority voting interest in Conexx Staffing after being induced by fraudulent misrepresentations of Conexx Staffing's legal standing and finances. The complaint further alleged that injunctive relief was necessary to prevent Conexx Staffing from transferring its assets to Conexx Services. Included in these assets were monies owed to Conexx Staffing by the Board. As requested by 385 Ventures, the trial court entered a fiat to, inter alia, restrain the Conexx Defendants from dissipating any assets of Conexx Staffing. The fiat also directed the Board to pay all monies owed to Conexx Staffing to the Clerk and Master, pending further orders. An amended verified complaint was filed by Wayne Haddix d/b/a 385 Ventures against the Conexx defendants on January 30, 2017, to include an additional cause of action under the Tennessee Consumer Protection Act ("TCPA").

By and through counsel, the Conexx Defendants filed an answer, countercomplaint, and third-party complaint in February 2017. Therein, the Conexx Defendants raised multiple affirmative defenses, denied the allegations in the complaint, and asserted several causes of action against Mr. Haddix d/b/a 385 Ventures. The countercomplaint alleged that

Mr. Haddix used his position as financial advisor to the Stinsons to his own benefit and the detriment of the Conexx Defendants, including the termination of Conexx Staffing's business relationships with the Board and another company. The Conexx Defendants also raised a third-party complaint against Mr. Haddix, individually, and his employer Ameriprise Financial Services, Inc. ("Ameriprise") for breach of fiduciary duty, fraud, conversion, intentional interference with business relations, and violation of the TCPA. The third-party complaint claimed that Mr. Haddix was working as an agent of Ameriprise while committing the acts alleged in the countercomplaint.[2] Mr. Haddix filed an answer denying the claims in both the countercomplaint and the third-party complaint, and raising various affirmative defenses.

Pursuant to the trial court's fiat, the Board paid $73,033.89 into the trial court. The Board subsequently filed a motion to intervene as a third-party petitioner in interpleader on March 10, 2017, asserting a direct interest in the breach of contract litigation as a result of the multiple competing claims to the funds. The trial court granted the Board leave to intervene in May 2017. The Board filed its third-party petition on May 12, 2017, and an amended petition on January 11, 2018, alleging its entitlement to $33,594.00 of the funds deposited with the trial court based on the offsetting and indemnity provisions in its contract with Conexx Staffing and its assigned rights as to Check No. 520827.

According to a notice of appearance, Mr. Stinson began representing himself in January 2018. Over the next four years, Mr. Stinson proceeded to file multiple motions, inter alia, requesting summary, default, and final judgments; monetary relief from Mr. Haddix and the Board; the recusal of the trial court judge; the dismissal of his retained counsel; and a jury trial.[3] Mr. Stinson's counsel requested permission to withdraw,[4] and an

---

[2] Ameriprise filed a motion to dismiss the claims against it on May 12, 2017, and a motion for summary judgment on August 9, 2019. Summary judgment was granted for Ameriprise on October 20, 2020. On April 27, 2021, the trial court entered an order stating, in relevant part:

> Further the Court grants Ameriprise's Motion for entry of a final judgment. Pursuant to Rule 54.02, the Court finds that there is no just reason for delay of entry of final judgment in favor of Ameriprise as to all claims on the grounds set forth in this Court's October 20, 2020 Summary Judgment Order. Therefore, the Court ORDERS and directs the Clerk and Master to enter a final judgment in favor of Ameriprise as to all claims on the grounds set forth in the Court's October 20, 2020 Summary Judgment Order.

[3] As a non-attorney, Mr. Stinson was not able to represent any of the Conexx Defendants other than himself in filing these motions. *See* Tenn. Sup. Ct. R. 7, § 1.01 (prohibiting the unauthorized practice of law); **Old Hickory Eng'g & Mach. Co.**, 937 S.W.2d 782, 785–86 (Tenn. 1996) (holding that nonlawyer corporate officer could not sign pleading on behalf of purportedly pro se corporate party); *see also* Tenn. R. Civ. P. 11.01 ("Every pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's individual name, or, if the party is not represented by an attorney, shall be signed by the party.").

[4] No order permitting withdrawal appears in the record. However, the Conexx Defendants' counsel was no longer included in the trial court's certificates of service and no further filings were made on behalf

order denying recusal was entered in December 2022. Mr. Stinson filed multiple interlocutory appeals regarding the motions for recusal, which were dismissed or denied.

The Board moved for a default judgment on its amended interpleader petition on November 14, 2022. Mr. Stinson opposed the motion on December 30, 2022, and Mr. Haddix opposed on January 6, 2023.

Trial was set for March 13, 2023, at the conclusion of which the trial court made an oral ruling in favor of the Board and Mr. Haddix. On March 16, Mr. Stinson filed a motion for reconsideration under Rules 59.04, 59.06, or 60.02 of the Tennessee Rules of Civil Procedure.

The trial court entered three orders on March 23, 2023. First, the trial court denied Mr. Stinson's motion for summary judgment. The trial court then denied Mr. Stinson's motion for a jury trial as untimely. Finally, as neither Conexx Staffing nor Conexx Services had filed any answer to the Board's petition signed by an attorney or appeared at trial represented by counsel, the trial court granted the Board's motion for default judgment against them. (Citing *Collier v. Greenbrier Developers, LLC*, 358 S.W.3d 195, 200 (Tenn. Ct. App. 2014) (recognizing that a limited liability company "may only appear in court through counsel"); *Third Nat'l Bank in Nashville v. Celebrate Yourself Prods., Inc.*, 807 S.W.2d 704 (Tenn. Ct. App. 1990) (upholding a default judgment against an unrepresented corporate entity)). Mr. Stinson renewed his motion for reconsideration on April 17, 2023, requesting the return of the funds deposited with the court, plus interest, to himself only.

The trial court entered its findings of fact, conclusions of law, and final judgment on April 28, 2023. Therein, it found that the contract between the Board and Conexx Staffing established the Board's right to offset the $33,594.00 owed to it under Check No. 520827 against amounts otherwise owed to Conexx Staffing and to be indemnified by Conexx Staffing with respect to those funds. So too was the Board entitled to the funds as the assignee of the liquor store's rights as holder of the check in due course. The trial court also found that Mr. Haddix had established his right to a $96,000.00 judgment in his favor based on Ms. Stinson's breach of the contract between Conexx Staffing and 385 Ventures. Accordingly, the trial court directed the Clerk and Master to issue a check to the Board in the amount of $33,594.00, with the remaining interpleaded funds to be paid to Mr. Haddix.[5] The Conexx Defendants' counterclaim and third-party complaint were dismissed.

The trial court then entered an order denying Mr. Stinson's motion for reconsideration on May 1, 2023. Later that day, Mr. Stinson filed his notice of appeal.

---

of Ms. Stinson, Conexx Staffing or Conexx Services.
  [5] After payment of $19,000.00 in fees for a Special Master appointed by the trial court and the $33,594.00 judgment to the Board, $20,439.89 of the initial $73,033.89 deposited by the Board remained.

## II. ANALYSIS

As discussed more in depth, *infra*, it is somewhat unclear from Mr. Stinson's statement of the issues what questions he poses on appeal.[6] From our review, it appears that Mr. Stinson takes issue with the trial court granting Ameriprise's motion to dismiss, denying his motion for a jury trial, denying his motion for reconsideration, and ultimately resolving the case in favor of the Board and Mr. Haddix.

In the posture of appellee, the Board argues that this appeal should be dismissed as a result of Mr. Stinson's failure to comply with briefing requirements.[7] The Board previously raised this argument in its second motion to dismiss filed with this Court on September 6, 2023.[8] By order of September 21, 2023, we deferred judgment on the Board's motion pending the hearing of this case; both parties subsequently waived oral argument. After further review, we agree that Mr. Stinson's failure to comply with the requirements of the Tennessee Rules of Appellate Procedure and the Rules of the Court of Appeals of Tennessee concerning appellate briefs precludes effective review, and we decline to reach the substantive issues.

The Tennessee Rules of Appellate Procedure and the Rules of the Court of Appeals set forth rules regarding appellate practice, specifically, the form and content of a party's brief. Rule 27 of the Tennessee Rules of Appellate Procedure provides that the brief of an appellant shall contain the following:

> (1) A table of contents, with references to the pages in the brief;
> (2) A table of authorities, including cases (alphabetically arranged), statutes and other authorities cited, with references to the pages in the brief where they are cited;
> (3) A jurisdictional statement in cases appealed to the Supreme Court directly from the trial court indicating briefly the jurisdictional grounds for the appeal to the Supreme Court;
> (4) A statement of the issues presented for review;
> (5) A statement of the case, indicating briefly the nature of the case, the course of proceedings, and its disposition in the court below;
> (6) A statement of facts, setting forth the facts relevant to the issues presented

---

[6] Ms. Stinson, Conexx Staffing, and Conexx Services failed to file an appellate brief, and again, Mr. Stinson is unable to file any pleadings on behalf of any of the Conexx Defendants besides himself. *See* Tenn. Sup. Ct. R. 7, § 1.01; ***Old Hickory Eng'g & Mach. Co.***, 937 S.W.2d at 785–86; Tenn. R. Civ. P. 11.01.

[7] In its brief, the Board raises the following additional issue for consideration, in the event the appeal is not dismissed: "Whether the trial court erred in denying the [] Board's Motion for Default Judgment as to its Amended Petition in Interpleader."

[8] By order of August 31, 2023, the Board's first motion to dismiss for failure to comply with briefing requirements was denied, and Mr. Stinson was granted leave to amend his brief.

for review with appropriate references to the record;

(7) An argument, which may be preceded by a summary of argument, setting forth:

(A) the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on; and

(B) for each issue, a concise statement of the applicable standard of review (which may appear in the discussion of the issue or under a separate heading placed before the discussion of the issues);

(8) A short conclusion, stating the precise relief sought.

Tenn. R. App. P. 27. Rule 6 of the Rules of the Court of Appeals of Tennessee separately describes requirements for the content of an appellant's argument "in regard to each issue on appeal." Rule 6 requires:

(1) A statement by the appellant of the alleged erroneous action of the trial court which raises the issue . . . with citation to the record where the erroneous or corrective action is recorded.

(2) A statement showing how such alleged error was seasonably called to the attention of the trial judge with citation to that part of the record where appellant's challenge of the alleged error is recorded.

(3) A statement reciting wherein appellant was prejudiced by such alleged error, with citations to the record showing where the resultant prejudice is recorded.

(4) A statement of each determinative fact relied upon with citation to the record where evidence of each such fact may be found.

Tenn. R. Ct. App. 6(a). Rule 6 further provides that:

No complaint of or reliance upon action by the trial court will be considered on appeal unless the argument contains a specific reference to the page or pages of the record where such action is recorded. No assertion of fact will be considered on appeal unless the argument contains a reference to the page or pages of the record where evidence of such fact is recorded.

Tenn. R. Ct. App. 6(b). Thus, a failure to comply with these rules may have significant consequences for appellate litigants.

It does appear that Mr. Stinson attempted to remedy the deficiencies in his original brief brought to his attention by the Board's initial motion to dismiss. To be sure, Mr. Stinson's amended brief contains an appropriate table of contents, table of authorities, and

conclusion stating the relief sought. And the brief does include sections entitled "Statement of the Issues Presented for Review," "Applicable Standards of Review," "Summary of Argument," "Statement of Facts," and "Argument." Although the heading of a section rarely matches its contents, a generous reading of the brief discerns that each of these elements appears in some fashion and to some degree within the document.

Yet the majority of Mr. Stinson's brief reads more like a complaint to a trial court than a request for appellate relief. Certainly, the introduction, summary of argument, statement of facts, and argument sections are pulled directly from the Conexx Defendants' counterclaim against Mr. Haddix with only minor changes to party names and the inclusion of four paragraphs wherein Mr. Stinson essentially states his appellate issues. The bulk of Mr. Stinson's argument instead appears in his issues presented section, primarily in the form of extensive, uncited quotations from another Court of Appeals case and a motion for permission to appeal to the Tennessee Supreme Court filed by Mr. Stinson in an unrelated case. This arrangement, and the fact that the uncited case involved judicial review of an administrative forfeiture order made without an evidentiary hearing, ***Ally Fin. v. Tenn. Dep't of Safety & Homeland Sec.***, 530 S.W.3d 659, 664 (Tenn. Ct. App. 2017), makes the allegations in Mr. Stinson's brief difficult to effectively review. Most critically, however, Mr. Stinson fails to include any citation to the record in support of his statement of facts, or indeed, any citation to the record at all.

We recognize that Mr. Stinson is proceeding pro se in this appeal and therefore may not be fluent in the Rules of this Court. However, it is well settled that, "[w]hile a party who chooses to represent himself or herself is entitled to the fair and equal treatment of the courts, '[p]ro se litigants are not . . . entitled to shift the burden of litigating their case to the courts.'" ***Chiozza v. Chiozza***, 315 S.W.3d 482, 487 (Tenn. Ct. App. 2009) (first citing ***Hodges v. Tenn. Att'y Gen.***, 43 S.W.3d 918, 920 (Tenn. Ct. App. 2000); and then quoting ***Whitaker v. Whirlpool Corp.***, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000)). Accordingly, "[p]ro se litigants must comply with the same substantive and procedural law to which represented parties must adhere." ***Id.*** (citing ***Hodges***, 43 S.W.3d at 920–21); *see also* ***Irvin v. City of Clarksville***, 767 S.W.2d 649, 652 (Tenn. Ct. App. 1988) ("*Pro se* litigants who invoke the complex and sometimes technical procedures of the courts assume a very heavy burden.").

This Court has previously held that "profound deficiencies [like those found in Appellants' brief] render[] appellate review impracticable, if not impossible." ***Owen v. Long Tire, LLC***, No. W2011-01227-COA-R3-CV, 2011 WL 6777014, at *4 (Tenn. Ct. App. Dec. 22, 2011) (citing ***Missionary Ridge Baptist Church v. Tidwell***, No. 89-356-II, 1990 WL 94707, *2 (Tenn. Ct. App. July 11, 1990) (refusing to rely on the brief of the appellant because it did not contain references to the record either in the statement of facts or the argument section of its brief)). We are not responsible for "scouring the appellate record for any reversible error the trial court may have committed." ***Id.***; *see also* ***Mabry v. Mabry***, No. 03A01-9106CH207, 1992 WL 24995, at *1 (Tenn. Ct. App. Feb. 14, 1992)

("It is not incumbent upon this Court to sift through the record in order to find proof to substantiate the factual allegations of the parties."). And "[c]ourts have routinely held that the failure to make appropriate references to the record and to cite relevant authority in the argument section of the brief as required by Rule 27(a)(7) constitutes a waiver of the issue." ***Bean v. Bean***, 40 S.W.3d 52, 55 (Tenn. Ct. App. 2000) (listing cases).

While we acknowledge that this Court has discretion under Rule 2 of the Tennessee Rules of Appellate Procedure[9] to waive the express briefing requirements for good cause, we decline to exercise our discretion in this case. "[T]he Supreme Court has held that it will not find this Court in error for not considering a case on its merits where the plaintiff did not comply with the rules of this Court." ***Bean***, 40 S.W.3d at 54–55 (citing ***Crowe v. Birmingham & N.W. Ry. Co.***, 156 Tenn. 349, 1 S.W.2d 781 (Tenn. 1928)). Given Mr. Stinson's failure to comply with Rule 27 of the Tennessee Rules of Appellate Procedure and Rule 6 of the Rules of the Court of Appeals of Tennessee, we decline to address the merits of this appeal. *See id.* at 55; ***Chiozza***, 315 S.W.3d at 492. Accordingly, we agree with the Board that this appeal should be dismissed. All other issues are pretermitted.

### III. CONCLUSION

Based on the foregoing, we dismiss this appeal and remand this cause to the trial court for all further proceedings as may be necessary and consistent with this Opinion. Costs are assessed to Appellant Mark T. Stinson, for which execution may issue if necessary.

s/ J. Steven Stafford
J. STEVEN STAFFORD, JUDGE

---

[9] That rule provides, in relevant part:

For good cause, including the interest of expediting decision upon any matter, the Supreme Court, Court of Appeals, or Court of Criminal Appeals may suspend the requirements or provisions of any of these rules in a particular case on motion of a party or on its motion and may order proceedings in accordance with its discretion[.]

Tenn. R. App. P. 2 (listing exceptions not at issue here).